NO. 07-05-0041-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 25, 2006


 ______________________________



NICOLAS RIOS, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407525; HONORABLE CECIL G. PURYEAR, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Nicolas Rios, Jr., entered a plea of guilty to the offense of driving while
intoxicated, third or more, and true to the enhancement paragraph, without a plea
agreement, and was sentenced to confinement in the Texas Department of Criminal
Justice for a period of twenty years. We affirm.



Factual and Procedural Background


 Appellant was stopped by a Texas Department of Public Safety trooper while driving
a car after the trooper observed appellant drive on the center stripe and on the shoulder
of the highway on more than one occasion. After stopping the vehicle, the trooper
proceeded to administer field sobriety tests on appellant. Upon completion of the testing,
appellant was arrested for driving while intoxicated. 

 Appellant was appointed trial counsel. Appellant reached a plea agreement with the
State but failed to appear for the plea. Subsequently, the case was scheduled for trial, but 
appellant failed to appear for trial and later was rearrested. Appellant then hired new trial
counsel. On the day of trial, appellant entered an open plea, pleading guilty to the indicted
offense and true to the enhancement portion of the indictment. After accepting appellant's
plea, the trial court assessed punishment at confinement for twenty years. Appellant filed
a motion for new trial which the trial court overruled after an evidentiary hearing. (1)

 By one issue, appellant alleges that his plea of guilty was unknowingly and
involuntarily entered due to ineffective assistance of counsel.



Ineffective Assistance


 A complaint of ineffective assistance of counsel may be raised in a motion for new
trial. See Reyes v. State, 849 S.W.2d 812, 815 (Tex.Crim.App. 1993). The granting or
denying of a motion for new trial is within the trial court's discretion and, as such, is
reviewable for abuse of discretion. State v. Gonzalez, 855 S.W.2d 692, 696
(Tex.Crim.App. 1993). To be successful in attacking a plea, appellant must show that 
deficiencies caused the plea to be unknowing and involuntary. Rodriguez v. State, 899
S.W.2d 658, 666 (Tex.Crim.App. 1995). An appellant's decision to plead guilty when
based upon erroneous advice of counsel is not done voluntarily and knowingly. Ex parte
Battle, 817 S.W.2d 81, 83 (Tex.Crim.App. 1991). The two prong test of Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to challenges
of guilty pleas based on ineffective assistance of counsel. Ex parte Adams, 707 S.W.2d
646, 649 (Tex.Crim.App. 1986). Under the first prong of the Strickland test, an appellant
must show that counsel's performance was deficient. Strickland, 466 U.S. at 687. "This
requires showing that counsel made errors so serious that counsel was not functioning as
the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To be successful
in this regard, an appellant "must show that counsel's representation fell below an objective
standard of reasonableness." Id. at 688. Under the second prong, an appellant must
show that the deficient performance prejudiced the defense. Id. at 687. The appropriate
standard for judging prejudice requires an appellant to "show that there is a reasonable
probability that, but for counsel's unprofessional errors, the result of the proceeding would
have been different." Id. at 694. "A reasonable probability is a probability sufficient to
undermine confidence in the outcome." Id. Appellant must prove both prongs of Strickland
by a preponderance of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712
(Tex.Crim.App. 2000). Appellate review of counsel's representation is highly deferential
and presumes counsel's actions fell within the wide range of reasonableness and
professional assistance. Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). 
Appellate courts look to the totality of the representation and the particular circumstances
of each case in evaluating the effectiveness of counsel. Ex parte Nailor, 149 S.W.3d 125,
130 (Tex.Crim.App. 2004). Any allegation of ineffective assistance of counsel must be
firmly founded in the record and the record must affirmatively demonstrate the alleged
ineffectiveness. Bone, 77 S.W.3d at 835. With this standard of review in mind, we now
turn to appellant's contentions.

 Appellant contends that trial counsel's investigation of the case was deficient
because he failed to speak to three possible witnesses who were passengers in the car
appellant was driving. It is appellant's assertion that the failure to speak to the three
witnesses led to trial counsel's failure to challenge the officer's reasonable suspicion for
the stop. Specifically, the evidence adduced at the motion for new trial included one
witness's testimony that denied appellant drove in the manner alleged by the officer.
Appellant's theory further states that a motion to suppress would have led to the exclusion
of all of the officer's testimony regarding appellant's intoxication. Appellant cites this court
to Haynes v. State, 790 S.W.2d 824 (Tex.App.-Austin 1990, no pet.), to support his
position. However, Haynes is distinguishable on the facts. In Haynes, not only did trial
counsel fail to talk to any of the witnesses, he did not even review the offense reports of
the police. 

 In the present case, the record reveals that trial counsel admitted that he did not
speak to the witnesses. However, the record reveals that trial counsel did review all of the
State's evidence and was convinced that there was no evidence that would warrant a
suppression motion being filed. At the time of the plea, the officer testified that he stopped
appellant after observing him driving on the center stripe and shoulder of the highway
because the officer needed to determine if the driver was tired, intoxicated, or otherwise
unable to safely drive the vehicle. Thus, we conclude that the record does not 
affirmatively demonstrate the alleged ineffectiveness of trial counsel. 

 Even if we assume, arguendo, that the failure to file a motion to suppress was
deficient performance by trial counsel, it is still appellant's burden to prove by a
preponderance of the evidence that the motion would have been granted. Jackson v.
State, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). To meet his burden, appellant offered
the testimony of his prior appointed attorney. The appointed attorney testified that he had
not filed a motion to suppress prior to appellant hiring trial counsel, but that he had
intended to challenge the stop. During his testimony, the appointed counsel cited four
cases that he felt were germane to the decision to file a motion to suppress. Having
reviewed the referenced citations, we cannot say that a motion to suppress would have
been granted due to factual differences in those cases and the present case. (2) The fact
that a different counsel might have filed a motion to suppress or otherwise challenged the
stop does not satisfy appellant's burden of proof. There is still no showing, by a
preponderance of the evidence, that the motion, if filed, would have been granted. 
Accordingly, appellant has not met this burden. Id. 

 Appellant further contends that trial counsel allowed appellant to appear in court
wearing jail clothes, which appellant submits demonstrates that trial counsel was not
prepared to go to trial. However, the record reflects that appellant's appearance in court
while wearing jail clothes was during conferences with trial counsel and prior to a jury being
impaneled. There is no effort to explain how the appearance of appellant in jail clothes,
during discussions with counsel about a possible plea and prior to a jury panel being
brought in, demonstrates trial counsel's ineffective assistance. We cannot assume that,
had appellant elected for a trial, he would have been tried in his jail clothes. Again,
appellant has failed to meet his burden on this matter. Tong, 25 S.W.3d at 712. 
Accordingly, appellant's issue is overruled. Having overruled appellant's issue regarding
ineffective assistance of counsel, we cannot say that the denial of the motion for new trial
was an abuse of discretion.


Conclusion


 Having overruled appellant's issue, the judgment of the trial court is affirmed. 

 

 Mackey K. Hancock

 Justice




Do not publish. 


 

1. At the motion for new trial hearing, appellant presented evidence regarding the
alleged ineffective assistance of trial counsel. The trial court did not permit all witnesses
to testify, however, appellant was allowed to present all of his witnesses by way of a bill of
exception. This evidence is before this court. Appellant has not complained about the
denial of a full evidentiary hearing on the motion for new trial.
2. The appointed attorney referenced State v. Cerny, 28 S.W.3d 796
(Tex.App.-Corpus Christi 2000, no pet.) (stop for failure to drive in single marked lane
requires the movement to be unsafe or dangerous and there was no such testimony); State
v. Arriaga, 5 S.W.3d 804 (Tex.App.-San Antonio 1999, pet. ref'd) (drifting in the lane not
sufficient for stop); Hernandez v. State, 983 S.W.2d 867 (Tex.App.-Austin 1998, pet ref'd)
(stop for failure to drive in single marked lane requires movement to be unsafe or
dangerous and there was no such testimony); State v. Tarvin, 972 S.W.2d 910
(Tex.App.-Waco 1998, pet ref'd) (driving on shoulder white line, without more, not
sufficient for stop). 


lant's issues and affirm the judgment of the trial court. 


 James T. Campbell

 Justice



1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 
2. This was his third, and final, arrest for that offense.
3. The absence of a specific finding on the remaining factors does not show the trial
court did not consider those factors.