NO. 07-05-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 25, 2006
_____

NICOLAS RIOS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407525; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Nicolas Rios, Jr., entered a plea of guilty to the offense of driving while intoxicated, third or more, and true to the enhancement paragraph, without a plea agreement, and was sentenced to confinement in the Texas Department of Criminal Justice for a period of twenty years. We affirm.

## Factual and Procedural Background

Appellant was stopped by a Texas Department of Public Safety trooper while driving a car after the trooper observed appellant drive on the center stripe and on the shoulder of the highway on more than one occasion. After stopping the vehicle, the trooper proceeded to administer field sobriety tests on appellant. Upon completion of the testing, appellant was arrested for driving while intoxicated.

Appellant was appointed trial counsel. Appellant reached a plea agreement with the State but failed to appear for the plea. Subsequently, the case was scheduled for trial, but appellant failed to appear for trial and later was rearrested. Appellant then hired new trial counsel. On the day of trial, appellant entered an open plea, pleading guilty to the indicted offense and true to the enhancement portion of the indictment. After accepting appellant's plea, the trial court assessed punishment at confinement for twenty years. Appellant filed a motion for new trial which the trial court overruled after an evidentiary hearing.[1]

By one issue, appellant alleges that his plea of guilty was unknowingly and involuntarily entered due to ineffective assistance of counsel.

---

[1] At the motion for new trial hearing, appellant presented evidence regarding the alleged ineffective assistance of trial counsel. The trial court did not permit all witnesses to testify, however, appellant was allowed to present all of his witnesses by way of a bill of exception. This evidence is before this court. Appellant has not complained about the denial of a full evidentiary hearing on the motion for new trial.

Ineffective Assistance

A complaint of ineffective assistance of counsel may be raised in a motion for new trial. See Reyes v. State, 849 S.W.2d 812, 815 (Tex.Crim.App. 1993). The granting or denying of a motion for new trial is within the trial court's discretion and, as such, is reviewable for abuse of discretion. State v. Gonzalez, 855 S.W.2d 692, 696 (Tex.Crim.App. 1993). To be successful in attacking a plea, appellant must show that deficiencies caused the plea to be unknowing and involuntary. Rodriguez v. State, 899 S.W.2d 658, 666 (Tex.Crim.App. 1995). An appellant's decision to plead guilty when based upon erroneous advice of counsel is not done voluntarily and knowingly. Ex parte Battle, 817 S.W.2d 81, 83 (Tex.Crim.App. 1991). The two prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to challenges of guilty pleas based on ineffective assistance of counsel. Ex parte Adams, 707 S.W.2d 646, 649 (Tex.Crim.App. 1986). Under the first prong of the Strickland test, an appellant must show that counsel's performance was deficient. Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Under the second prong, an appellant must show that the deficient performance prejudiced the defense. Id. at 687. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to

3

undermine confidence in the outcome." Id. Appellant must prove both prongs of Strickland by a preponderance of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). Appellate review of counsel's representation is highly deferential and presumes counsel's actions fell within the wide range of reasonableness and professional assistance. Bone v. State, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002). Appellate courts look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. Ex parte Nailor, 149 S.W.3d 125, 130 (Tex.Crim.App. 2004). Any allegation of ineffective assistance of counsel must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. Bone, 77 S.W.3d at 835. With this standard of review in mind, we now turn to appellant's contentions.

Appellant contends that trial counsel's investigation of the case was deficient because he failed to speak to three possible witnesses who were passengers in the car appellant was driving. It is appellant's assertion that the failure to speak to the three witnesses led to trial counsel's failure to challenge the officer's reasonable suspicion for the stop. Specifically, the evidence adduced at the motion for new trial included one witness's testimony that denied appellant drove in the manner alleged by the officer. Appellant's theory further states that a motion to suppress would have led to the exclusion of all of the officer's testimony regarding appellant's intoxication. Appellant cites this court to Haynes v. State, 790 S.W.2d 824 (Tex.App.–Austin 1990, no pet.), to support his position. However, Haynes is distinguishable on the facts. In Haynes, not only did trial

4

counsel fail to talk to any of the witnesses, he did not even review the offense reports of the police.

In the present case, the record reveals that trial counsel admitted that he did not speak to the witnesses. However, the record reveals that trial counsel did review all of the State's evidence and was convinced that there was no evidence that would warrant a suppression motion being filed. At the time of the plea, the officer testified that he stopped appellant after observing him driving on the center stripe and shoulder of the highway because the officer needed to determine if the driver was tired, intoxicated, or otherwise unable to safely drive the vehicle. Thus, we conclude that the record does not affirmatively demonstrate the alleged ineffectiveness of trial counsel.

Even if we assume, *arguendo*, that the failure to file a motion to suppress was deficient performance by trial counsel, it is still appellant's burden to prove by a preponderance of the evidence that the motion would have been granted. Jackson v. State, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). To meet his burden, appellant offered the testimony of his prior appointed attorney. The appointed attorney testified that he had not filed a motion to suppress prior to appellant hiring trial counsel, but that he had intended to challenge the stop. During his testimony, the appointed counsel cited four cases that he felt were germane to the decision to file a motion to suppress. Having reviewed the referenced citations, we cannot say that a motion to suppress would have been granted due to factual differences in those cases and the present case.[2] The fact

_____

[2] The appointed attorney referenced State v. Cerny, 28 S.W.3d 796 (Tex.App.–Corpus Christi 2000, no pet.) (stop for failure to drive in single marked lane

5

that a different counsel might have filed a motion to suppress or otherwise challenged the stop does not satisfy appellant's burden of proof. There is still no showing, by a preponderance of the evidence, that the motion, if filed, would have been granted. Accordingly, appellant has not met this burden. Id.

Appellant further contends that trial counsel allowed appellant to appear in court wearing jail clothes, which appellant submits demonstrates that trial counsel was not prepared to go to trial. However, the record reflects that appellant's appearance in court while wearing jail clothes was during conferences with trial counsel and prior to a jury being impaneled. There is no effort to explain how the appearance of appellant in jail clothes, during discussions with counsel about a possible plea and prior to a jury panel being brought in, demonstrates trial counsel's ineffective assistance. We cannot assume that, had appellant elected for a trial, he would have been tried in his jail clothes. Again, appellant has failed to meet his burden on this matter. Tong, 25 S.W.3d at 712. Accordingly, appellant's issue is overruled. Having overruled appellant's issue regarding ineffective assistance of counsel, we cannot say that the denial of the motion for new trial was an abuse of discretion.

---

requires the movement to be unsafe or dangerous and there was no such testimony); State v. Arriaga, 5 S.W.3d 804 (Tex.App.–San Antonio 1999, pet. ref'd) (drifting in the lane not sufficient for stop); Hernandez v. State, 983 S.W.2d 867 (Tex.App.–Austin 1998, pet ref'd) (stop for failure to drive in single marked lane requires movement to be unsafe or dangerous and there was no such testimony); State v. Tarvin, 972 S.W.2d 910 (Tex.App.–Waco 1998, pet ref'd) (driving on shoulder white line, without more, not sufficient for stop).

Conclusion

Having overruled appellant's issue, the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.