Otis Don **WOODS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–00–00210–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 4, 2001.

Decided Oct. 26, 2001.

Bob Wicoff, Houston, for appellant.

Donald W. Rogers Jr., Assistant District Attorney, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Otis Don Woods was convicted of attempted sexual assault. His punishment, enhanced by prior convictions, was set at thirty years' confinement. Woods pleaded guilty to the charge and true to the two enhancement paragraphs, pursuant to a plea bargaining agreement with the State. The trial court assessed the punishment recommended in the plea bargaining agreement. One of the documents signed by Woods and his counsel in connection with the plea bargain was a "Waiver of Appeal," which contains in capital letters "I HEREBY WAIVE ANY AND ALL RIGHTS TO APPEAL THIS CASE."

Woods filed a pro se notice of appeal and a motion to withdraw his guilty plea, raising issues as to his mental capacity at the time of trial and at the time of the offense. The court appointed an attorney for Woods on appeal. Counsel then filed an amended notice of appeal, alleging that the appeal was for jurisdictional defects, challenging the voluntariness of the guilty plea, and challenging the written pretrial order that Woods was competent to stand trial.

Defense counsel filed a brief pursuant to *Anders v. California*,[1] concluding that there is no error that could arguably support reversal on appeal, and moved to withdraw. Although we permitted counsel

---

1.  386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493   (1967).

to withdraw, we remanded the case to the trial court for the appointment of new counsel on appeal, to address whether Woods' trial counsel rendered constitutionally effective assistance, in view of Woods' history of mental illness, by her failure to file a notice of intent to present an insanity defense, and her failure to request the appointment of a defense mental health expert. New counsel on appeal has now filed a brief.

The State challenges our jurisdiction to hear this appeal. It points out that as part of his plea bargain, Woods waived his right to appeal. Citing *Blanco v. State*, 18 S.W.3d 218 (Tex.Crim.App.2000), the State argues that there is no valid or compelling reason why Woods should not be held to his bargain. *Id.* at 220. However, the *Blanco* case requires that there be no unfairness in the plea bargaining agreement.

■ In this case, Woods raises a claim of ineffective assistance of counsel. As stated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the right to counsel is the right to effective assistance of counsel. In setting forth the first of the two-pronged test for determining ineffective assistance, the United States Supreme Court stated that deficiency of counsel requires a showing that counsel made errors so serious that she was not functioning as the counsel guaranteed to a criminal defendant by the Sixth Amendment to the United States Constitution. *Id.*, 466 U.S. at 687, 104 S.Ct. 2052. Thus, a plea bargaining agreement, even one containing a waiver of the right to appeal, made by a defendant without the assistance of effective counsel, is an unfair agreement specifically excepted from the general rule set forth in *Blanco v. State*, 18 S.W.3d 218 (Tex.Crim.App. 2000). While we recognize the difficulty of establishing such a claim in direct appeals, *Thompson v. State*, 9 S.W.3d 808, 813–14

nn. 5–6 (Tex.Crim.App.1999), we are not without jurisdiction to hear them. We therefore reject the State's challenge to our jurisdiction in this case.

■ To prove his claim of ineffective assistance of counsel, Woods must show by a preponderance of the evidence: 1) that his counsel's representation was deficient; and 2) that the deficient performance was so serious that it prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Kelley*, 20 S.W.3d 147, 151 (Tex.App.— Texarkana 2000, no pet.).

In our order remanding this case to the trial court, we noted that the record showed there was a failure to comply with the requirements of the Texas Code of Criminal Procedure regarding the raising of the defense of insanity. The applicable provisions read as follows:

Sec. 2. (a) A defendant planning to offer evidence of the insanity defense shall file a notice of his intention to offer such evidence with the court and the prosecuting attorney:

(1) at least 10 days prior to the date the case is set for trial; or

(2) if the court sets a pretrial hearing before the 10–day period, the defendant shall give notice at the hearing; or

(3) if the defendant raises the issue of incompetency to stand trial before the 10–day period, he shall at the same time file notice of his intention to offer evidence of the insanity defense.

(b) *Unless notice is timely filed pursuant to Subsection (a) of this section, evidence on the insanity defense is not admissible unless the court finds good cause exists for failure to give notice.* Sec. 3. (a) *If notice of intention to raise the insanity defense is filed under Section 2 of this article, the court may, on its own motion or motion by*

*the defendant, his counsel, or the prose-cuting attorney,* appoint disinterested experts experienced and qualified in mental health and mental retardation to examine the defendant with regard to the insanity defense and to testify thereto at any trial or hearing on this issue.

TEX.CODE CRIM. PROC. ANN. art. 46.03 (Vernon 1979 & Supp.2001) (emphasis added).

■ Defense counsel did not follow the procedure mandated by the Code. No notice of intent to offer evidence regarding the defense of insanity was filed. The motion filed with the trial court, entitled "Motion for Psychiatric Examination: Sanity," concludes by asking the trial court "to order that the Harris County Forensic Psychiatric Services conduct a psychiatric examination to determine defendant's present *sanity* to stand trial pursuant to art. 46.03, Texas Code of Criminal Procedure." This is not the statutory requirement for the affirmative defense of insanity found in TEX. PEN.CODE ANN. § 8.01(a) (Vernon 1994). Defense counsel was aware that Woods had significant mental health problems. Counsel was appointed on June 15, 2000. At that time, the trial court set the case for "Arrg.–Psych Rept." On that same date, defense counsel filed both a motion for psychiatric examination to determine competency to stand trial pursuant to TEX.CODE CRIM. PROC. ANN. art. 46.02, § 3(a) (Vernon Supp.2001), and a motion for an examination regarding the insanity defense. In these motions, counsel refers to Woods' past psychiatric history and two prior incompetency verdicts, and asserts that Woods hears voices, and that he was in the hospital for psychiatric problems when the charged offense occurred. The trial court granted both motions. In the sanity evaluation submitted to the court, we find an accounting of the facts of this incident:

Mr. Woods explained that he was released from TDCJ (the Walls Unit in Huntsville) the day before the alleged offense occurred. He said he took a bus to Houston, bought some fast food and "junk food" at the Greyhound bus station, then purchased some beer, and slept outdoors on the Miller Theater hill in Hermann Park. The next day, he said, he went to the Social Security office downtown (on Bell Street) to see about getting his SSI benefits resumed, and was frustrated by the need for a reevaluation because he "wanted (his) money right away." Thinking that being admitted to a psychiatric facility would speed up his eligibility, he then went to Ben Taub Hospital, where he presented with (sic) the complaint of having the urge to either jump off a bridge into Buffalo Bayou or walk in front of a train crossing Houston Avenue. He said he was turned down for admission, went to a vacant floor of the hospital building, and "grabbed one lady and then another and tore their clothes off."

Given defense counsel's knowledge as indicated in her motions, it appears that counsel should have filed the notice required in TEX.CODE CRIM. PROC. ANN. art. 46.03, § 2(a) (Vernon 1979). The State argues in its brief that a defense counsel who would file such motion before there was a professional evaluation would do so prematurely and run the risk of sanctions under TEX.CODE CRIM. PROC. ANN. art. 1.052(e) (Vernon Supp.2001). However, given defense counsel's knowledge of Woods' actions and claims, such a motion would be neither premature nor sanctionable.

■ Even if defense counsel was deficient in this respect, Woods must also show that the deficiency was so serious as to deprive him of a fair trial. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052. In the case of a guilty plea, the

defendant must show that counsel's alleged deficiencies caused the plea to be unknowing and involuntary. *State v. Kelley,* 20 S.W.3d at 151. Woods and the State both contend that is not the procedure followed in Harris County. Woods states in his brief that:

[T]he undersigned's (counsel's) experience has been that in Harris County it is customary for the motion for competency or insanity to be filed first. If an evaluation is returned which suggests that insanity is indeed a viable defense, it is more common for trial counsel to file *his notice of intent to present evidence of insanity at that time.* It would stand to reason that prior to an "insanity finding" from a psychiatrist or mental health expert, any declaration of intent to present evidence of insanity would often be rendered moot by contrary findings of the mental health experts which come later.

This argument effectively concedes the prejudice prong of the ineffective assistance argument. The parties agree that no harm would come to a defendant in Harris County who raises the insanity issue by the means shown in the record here rather than by following the Code of Criminal Procedure. Thus, we reject Woods' ineffective assistance claim.

Woods' second issue raises the question of whether the holding of our prior opinion in *In re R.D.B.,* 20 S.W.3d 255 (Tex.App.—Texarkana 2000, no pet.), required defense counsel in this case to seek the appoint-

ment of a court-ordered mental health expert to assist the defense.

■ The right of a criminal defendant to such an appointment was established in *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). The court in *Ake* held that when a defendant makes a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the state is required to provide him access to a psychiatrist's assistance on this issue if he cannot otherwise afford one. *Id.,* 470 U.S. at 74, 105 S.Ct. 1087. While the state is not required to purchase for the indigent defendant all the assistance his wealthier counterpart can buy, he is entitled to the basic tools of an adequate defense. *Id.,* 470 U.S. at 77, 105 S.Ct. 1087.

In *R.D.B,* 20 S.W.3d 255, we recognized the importance of a mental health expert to assist the defense. Contrary to the State's assertion, the mental health expert is more than just a witness; his purpose is to provide defense counsel with a basic tool for determining whether a mental health report favorable to the State is correct, or whether to go forward with a plea of insanity. The defense mental health expert serves as a valuable second opinion in the inexact science of psychiatry, where opinions and diagnoses on the same person may differ widely.

■ While in most claims of ineffective assistance the record generally does not contain sufficient information to rebut the presumption that counsel functioned effectively,[2] the record in this case, as in *In re*

---

2. *See Easley v. State,* 978 S.W.2d 244 (Tex. App.—Texarkana 1998, pet. ref'd), in which Appellant claimed ineffective assistance of trial counsel because, *inter alia,* counsel failed to request an appointment of a mental health expert for the defense. Just as occurred in the present case, counsel moved for a psychiatric evaluation of his client under TEX.CODE CRIM. PROC. ANN. arts. 46.02, § 3 (Vernon Supp.

2001), 46.03, § 3 (Vernon 1979). Finding no lack of effective assistance, we stated:

[S]ince the record shows that Easley's lawyer did file a motion for evaluation of Easley's mental status and competency to stand trial, and since her appellate counsel did not dispute that this motion was granted or that the evaluation was performed, it is a reasonable conclusion that the results of

*R.D.B.,* contains a substantial amount of information regarding Woods' previous mental health history. As we previously noted, counsel was evidently aware of this history at the time she filed her motions under TEX.CODE CRIM. PROC. ANN. art. 46.02 (Vernon Supp.2001), and art. 46.03 (Vernon 1979). The court-appointed mental health expert filed two written reports in which he found that Woods' father had beaten him with a two-by-four when he was a child and had thrown him out the window where he struck his head on a rock. Woods had been committed at age thirteen to a state mental hospital. There is evidence that he heard voices telling him to do bad things and that he suffered hallucinations. There is a history of other commitments to mental institutions because of his mental health. Even if Woods' post-trial motion is ignored, there remains substantial evidence, known to trial counsel, showing past mental problems.

While in no way disparaging the report of the court-appointed psychiatrist, we recall the language of the Supreme Court in *Ake,* which reminds us that psychiatry is not an exact science, and the same symptoms in the same person, examined by different psychiatrists, may very well result in different opinions as to condition and treatment. More than one opinion would reduce "the risk of an inaccurate resolution of the sanity issues...." *Ake v. Oklahoma,* 470 U.S. at 82, 105 S.Ct. 1087. Like *In re R.D.B.,* and unlike *Easley,* we have a significant recorded history of mental illness. In addition, the facts of the incident itself, particularly the location, further suggest the need for professional assistance regarding Woods' mental health. We find that as part of counsel's

obligation to render effective assistance, defense counsel was required to request the court-appointed assistance of a mental health expert. *In re R.D.B.,* 20 S.W.3d at 261. We find that counsel's failure to do so was prejudicial and undermines confidence in the outcome of the proceedings.

We sustain the second issue on appeal. The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

this evaluation could have influenced the decision by Easley's trial counsel not to make an ex parte request for an expert to testify as to her state of mind at the time of the killing. *In the absence of evidence to the*

*contrary, we cannot say that this decision denied Easley the effective assistance of counsel.*
*Easley v. State,* 978 S.W.2d at 250–51 (emphasis added).