Opinion Issued February 20, 2003                                 
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00488-CR
____________

RONALD LIFFORD STAFFORD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court 
Harris County, Texas
Trial Court Cause No. 890233





O P I N I O N
          A jury convicted appellant, Ronald Lifford Stafford, of robbery and, after
having found true the enhancement allegation of appellant’s prior conviction for
aggravated robbery, assessed punishment at 50 years in prison. We address whether
appellant has adequately demonstrated through the record that he was denied
effective assistance of counsel. We affirm.
Facts and Procedural History
          As Phillip Wilson was riding his bicycle home, he was approached by appellant
in a car. Appellant ordered Wilson to hand over his wallet. Appellant was later
arrested and indicted for robbery. 
          Appellant’s trial counsel filed a motion for psychiatric examination, alleging
that appellant had a “history of mental illness–schizophrenia” and was incompetent
to stand trial. The trial court appointed a clinical and forensic psychologist from the
Harris County Mental Health and Mental Retardation Authority, Dr. Steven
Rubenzer, to conduct the evaluations. After examining appellant, Dr. Rubenzer
stated that appellant appeared to be alert and aware of his circumstances, answered
questions about his background without difficulty, and generally gave answers that
were rational, were to the point, and made sense. Appellant told Dr. Rubenzer that
he did not commit the offense. Dr. Rubenzer also reported that appellant claimed that
at times he heard voices and experienced other symptoms of psychosis. Dr. Rubenzer
concluded, however, that appellant displayed no outward evidence of psychosis and
that his speech was generally goal-directed, relevant, and normal in all respects. Dr.
Rubenzer concluded that appellant was sane at the time of the offense and competent
to stand trial. 
          Two months after the competency evaluation, the State made a plea bargain
offer of eight years. Appellant rejected this offer, which was immediately withdrawn,
and, instead, appellant elected to plead not guilty and to have a jury trial. Appellant
presented a misidentification defense at trial. The jury found appellant guilty and
assessed punishment at 50 years in prison. Alleged Ineffective Assistance of Counsel 
          In his sole point of error, appellant contends that he was denied effective
assistance of counsel because his trial counsel did not request a second sanity and
competency examination by a mental-health expert who could help appellant prepare
a defense. Appellant argues that his trial counsel should have requested the
assistance of his own mental health expert before permitting appellant to reject the
State’s plea bargain offer of eight years. 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Appellant must show both that (1) counsel’s performance was so
deficient that he was not functioning as acceptable counsel under the Sixth
Amendment and (2) but for counsel’s error, the result of the proceedings would have
been different. Id., 466 U.S. at 687, 104 S. Ct. at 2064. 
          It is the defendant’s burden to prove ineffective assistance of counsel. Id. A
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Id., 466 U.S. at 689, 104
S. Ct. at 2064; Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.]
1996, no pet.). An appellate court will not find ineffectiveness based on speculation. 
Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d); Gamble, 916 S.W.2d at 93. Assertions of ineffective assistance of counsel
must be firmly founded in the record. Harrison v. State, 552 S.W.2d 151, 152 (Tex.
Crim. App. 1977). In the absence of a record, we must presume that appellant’s trial
counsel had a plausible reason for his actions. Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999). 
          Appellant relies on Woods v. State, a case in which the Texarkana Court of
Appeals found that defendant’s trial counsel had rendered ineffective assistance of
counsel because he had not requested assistance from a mental-health expert before
allowing the defendant to plead guilty and waive his right to appeal. Id., 59 S.W.3d
833 (Tex. App.—Texarkana 2001, pet. granted). However, Woods is distinguishable
because, in Woods, the record provided a substantial amount of information regarding
the defendant’s previous mental-health history, which indicated that the defendant
was not competent to stand trial, including evidence that the defendant was physically
abused as a child, that he was committed to a state mental hospital at age 13, and that
he was in the hospital for psychiatric problems when the charged offense occurred. 
Id. at 836-38. Here, there is no detailed evidence of a mental illness with which
appellant was affected at the time of trial or at the time of the offense, other than
appellant’s own claim that at unspecified times he heard voices and experienced other
symptoms of psychosis and his trial counsel’s claim that appellant had “a history of
mental illness—schizophrenia.” These allegations of mental illness are not supported
by specific, objective evidence in the record. Woods is also distinguishable because,
in Woods, the defendant pled guilty, whereas, here, appellant pled not guilty and
presented a misidentification defense. Appellant’s misidentification defense was
incompatible with an insanity defense, a plausible reason for defense counsel not to
have pursued further sanity examinations. As for appellant’s competency, appellant’s
trial counsel was in the best position to observe that. 
          Appellant did not file a motion for new trial. As a result, there is no evidence
in the record as to why appellant’s trial counsel did not request a second competency
and sanity examination by his own mental-health expert. Further, there is nothing in
the record to indicate that appellant’s trial counsel disagreed with Dr. Rubenzer’s
diagnoses. To find on this record that appellant’s trial counsel was ineffective would
call for speculation, which we will not do. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1999); Henderson, 29 S.W.3d at 624. We hold that appellant has
not adequately demonstrated that he was denied effective assistance of counsel. 
          We overrule appellant’s sole point of error.  
Conclusion
          We affirm the trial court’s judgment.



     Tim Taft
     Justice

Panel consists of Justices Taft, Keyes, and Higley.

Publish. Tex. R. App. P. 47.2(b).