In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00050-CR


____________________



BENNETT DERWIN BURRELL, JR., Appellant



V.


 

THE STATE OF TEXAS, Appellee


 




On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CR27323 






MEMORANDUM OPINION



 The trial court convicted Bennett Derwin Burrell, Jr. on a non-negotiated guilty plea
to aggravated assault using a deadly weapon on a household member. See Tex. Pen. Code
Ann. § 22.02(b)(1) (Vernon Supp. 2008). The trial court sentenced Burrell to forty-five
years of confinement in the Correctional Institutions Division of the Texas Department of
Criminal Justice and assessed a $5,000 fine as punishment for the offense. The sole issue
raised on appeal asserts that trial counsel was ineffective because he failed to seek a
psychiatric examination of the appellant. We affirm.

 To establish a claim of ineffective assistance of trial counsel, an appellant must
demonstrate that: (1) defense counsel's deficient performance fell below an objective
standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Rylander v.
State, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003) (citing Strickland v. Washington, 466
U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We must indulge a strong presumption
that counsel's conduct fell within the wide range of reasonable professional assistance. 
Rylander, 101 S.W.3d at 110 (citing Strickland, 466 U.S. at 689). Thus, the appellant must
overcome the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy. Id. Absent evidence of counsel's reasons for the acts or
omissions challenged on appeal, we assume a strategic motivation unless the conduct was
so outrageous that no competent attorney would have engaged in it. Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001). Where, as here, we do not have the benefit of an
evidentiary hearing in which counsel is called upon to explain his actions and alleged
omissions, the record usually will not be sufficiently developed to overcome the presumption
that counsel pursued a reasonable trial strategy. See Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).

 Burrell did not attempt to withdraw his guilty plea before the trial court. There is no
evidence in the record that could support a claim that the guilty plea was involuntary. Burrell
does not claim that but for the challenged conduct Burrell would not have pled guilty but
would have insisted on going to trial. See Ex parte Morrow, 952 S.W.2d 530, 536 (Tex.
Crim. App. 1997). Burrell also concedes the record supports a finding that he was competent
to stand trial. Burrell contends his mental health history required counsel to request the
assistance of a court-appointed mental health expert and that counsel's failure to seek a
psychological evaluation deprived Burrell of the benefit of a psychological evaluation as part
of his defense.

 We note that the record does not firmly establish that Burrell did not receive a
psychological evaluation prior to trial. The pre-sentence investigation report states that a
psychological evaluation had been prepared. Although Burrell suggests that counsel failed
to investigate Burrell's mental capacity at the time of the offense, there is no evidence in the
record regarding what investigation, if any, counsel conducted.

 Burrell admits that counsel presented his medical records of a five day period of
hospitalization in a mental health facility to the trial court. Defense counsel argued to the
trial court that these circumstances should be taken into consideration in determining
punishment. Burrell testified that he did not fill the prescriptions provided on discharge from
the facility but that he promptly entered a private rehabilitation facility and received ninety
days of in-patient treatment for substance abuse. Counsel noted that Burrell had a history of
drug dependence from age 8 and that his substance abuse included embalming fluid,
marijuana, crack cocaine, and PCP. Counsel argued for deferred adjudication community
supervision and a SAFP program "to give him the drug treatment he should have been getting
long ago in his life." Thus, it appears counsel pursued a strategy that emphasized Burrell's
substance abuse problems in an effort to persuade the trial court to assess a punishment that
would focus on substance abuse treatment and defer adjudication of guilt for a brutal assault. 
 Burrell relies on two cases to support his position. See Woods v. State, 59 S.W.3d 833
(Tex. App.--Texarkana 2001), reversed on other grounds, 108 S.W.3d 314 (Tex. Crim. App.
2003); In re R.D.B., 20 S.W.3d 255 (Tex. App.--Texarkana 2000, no pet.). The intermediate
appellate court in Woods distinguished an earlier case in which it had held that the results of
an independent evaluation could have reasonably influenced counsel to not seek the
appointment of a mental health professional to assist the defense. Woods v. State, 59 S.W.3d
at 838, n.2 (citing Easley v. State, 978 S.W.2d 244, 250-51 (Tex. App.--Texarkana 1998, pet.
ref'd)). The court reasoned that Woods established prejudice because the record contained
a substantial amount of evidence regarding Woods's previous mental health history, which
included multiple commitments to mental institutions and evidence that Woods heard voices
and suffered hallucinations. Woods, 59 S.W.3d at 838. The court noted that the record in
R.D.B. also contained "a substantial amount of information" of "a significant recorded
history of mental illness." Id. (citing R.D.B., 20 S.W.3d at 261). Here, the record bears more
similarity to Easley than to either R.D.B. or Woods. Burrell's medical records reveal a single
five day stay in a mental institution four months before Burrell attacked his housemate with
a knife and stabbed her eight times. That institutionalization was followed by the three
month stay at a drug rehabilitation facility. At the punishment hearing, Burrell testified that
he was coming down off of a high and was still under the influence when he attacked the
victim. The victim testified that she and Burrell were arguing and Burrell attacked her after
she told him to leave their apartment. We do not know what expert assistance counsel had
available to him in preparing the defense, and counsel may have had far more knowledge of
his client's mental health status and history than is revealed in the appellate record. At any
rate, the record in this appeal is not so replete with evidence of severe mental illness as to
compel a conclusion that no reasonably competent attorney would fail to file a motion for
appointment of a mental health professional to assist the defense. Thus, Burrell fails to
overcome the presumption that counsel's conduct falls within the wide range of reasonable
professional assistance. We overrule the issue and affirm the judgment.

 AFFIRMED.


 ______________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on July 6, 2009

Opinion Delivered July 15, 2009

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.