COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| CRAIG LEE SMITH, | | No. 08-13-00044-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 97th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Montague County, Texas[1] |
| | § | |
| Appellee. | | (TC# 2012-0119M-CR) |
| | § | |

## **O P I N I O N**

In two issues, Appellant Craig Lee Smith seeks reversal of his conviction on one count of indecency with a child by contact, arguing that the evidence underpinning the conviction was legally insufficient and that trial counsel rendered ineffective assistance by failing to secure a psychiatric evaluation. We affirm.

## **BACKGROUND**

On May 11, 2011, Appellant and his friend Damien Frettoloso came across K.S., who was fifteen years' old at the time, on their way to a liquor store in Nocona, Texas. K.S. offered to give Appellant money to buy her beer. Appellant agreed. After purchasing alcohol at the liquor store, the three returned to Appellant's house and continued drinking. Frettoloso testified

---

[1] This case is on transfer from the Second Court of Appeals in Fort Worth.

that Appellant then began making sexual advances toward K.S., which she rebuffed. K.S. testified that Appellant ultimately ended up grabbing her by the throat and slamming her against the truck after she refused to have sex with him. Montague County Sherriff's Department Investigator Mark Blankenship verified that when he interviewed K.S. after the fact, he saw bruising on her neck.

K.S. and Frettoloso both testified that at some point, he and Appellant carried her into Appellant's pick-up truck. Both also testified that Appellant then had sexual intercourse with K.S. Once Appellant finished, Frettoloso performed oral sex on K.S.[2] According to K.S. and Frettoloso, Appellant then had sexual intercourse with K.S. a second time.

Testifying in his own defense, Appellant denied having any sexual contact with K.S. He admitted that he had told investigators that he performed oral sex on K.S., but he testified that the confession was false. His mother was in the hospital that day, and Appellant said that Nocona Police Department Sgt. Matt Poole told him if he confessed to having oral sex with K.S., he would be set free to go visit his mother and not be in any trouble. Frettoloso testified in the State's case in chief that Appellant did not perform oral sex on K.S. However, on recall by the defense, Frettoloso testified that Appellant did force K.S. to put his penis in her mouth. Appellant also testified that prior to the alleged sexual activity, he sustained a head injury which required surgery. He further testified that after the injury, he has some communication and memory problems.

The State indicted Appellant on one count of sexual assault of a child, TEX.PENAL CODE ANN. § 22.011(a)(2)(West 2011), and one count of indecency with a child by contact, TEX.PENAL CODE ANN. § 21.11(a)(1)(West 2011). Following trial, the jury acquitted Appellant of sexual assault, but convicted him on the separate charge of indecency with a child by contact. This

---

[2] Frettoloso was separately convicted for indecency with a child arising out of this same incident.

appeal followed.

## DISCUSSION

### *Legal Sufficiency*

In Issue One, Appellant contends that the evidence is legally insufficient to support his conviction for indecency with a child by contact, given that he recanted his police confession, K.S. never specifically mentioned oral sex involving Appellant in her testimony, and Frettoloso specifically denied seeing Appellant perform oral sex on K.S. and admitted he was the only one who performed it.[3]  In essence, Appellant raises a *corpus delicti* argument that his extrajudicial confession to oral sex cannot be independently corroborated.  *See Smith v. State*, No. 03-98-00666-CR, 1999 WL 975872, at *2 (Tex.App.--Austin Oct. 28, 1999, pet. ref'd)(not designated for publication).

Appellant incorrectly frames the legal sufficiency inquiry in terms of whether Appellant had oral sex with K.S.  In reviewing the legal sufficiency of a criminal verdict, "we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Matlock v. State*, 392 S.W.3d 662, 667 (Tex.Crim.App. 2013).  "When there is conflicting evidence, we must presume the factfinder resolved the conflict in favor of the verdict, and defer to that resolution." *Menyweather v. State*, No. 05-13-01108-CR, 2014 WL 6450826, at *3 (Tex.App.--

---

[3] As we previously noted, Frettoloso did testify that Appellant forced his penis into K.S.'s mouth.  Although this would likely be sufficient to uphold Appellant's indecency conviction had that conduct been charged, *see* TEX.PENAL CODE ANN. § 21.11(c)(2)(defining sexual contact as "any touching of any part of the body of a child . . . with . . . any part of the genitals of a person"), the State did not elect to allege this alternative in the indictment.  Instead, in Count Two, the State only alleged that Appellant touched K.S.'s genitals.  *See id.* at § 21.11(c)(1).

"When a statute lays out alternative manner and means of committing an offense, the manner and means included in the charging instrument becomes an essential element that the State must prove beyond a reasonable doubt." *Avery v. State*, 359 S.W.3d 230, 237 (Tex.Crim.App. 2012).  "Proof of a different, uncharged, manner and means will not support a conviction for the offense that was charged." *Id.*  We do not reach the question of whether proof that Appellant forced K.S. to contact his genitals constituted a fatal variance from the allegations in the indictment because we find sufficient evidence to establish the genital contact as alleged.

3

Dallas Nov. 18, 2014, no pet.h.)(not designated for publication). "Evidence is sufficient if the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Menyweather*, 2014 WL 6450826, at *3 [Internal quotation marks omitted].

A person commits indecency with a child by contact where he or she engages in sexual contact with a child under the age of seventeen. TEX.PENAL CODE ANN. § 21.11(a)(1). Sexual contact is defined by statute as, *inter alia*, any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child, with the intent to arouse or gratify the sexual desire of any person. TEX.PENAL CODE ANN. § 21.11(c)(1).

The State alleged in the indictment that Appellant committed indecency by touching K.S.'s genitals. The indictment does not use specific language in describing the method by which Appellant "touched" K.S.'s genitals, nor does it need to. *See State v. Shuck*, 222 S.W.3d 113, 116 (Tex.App.--Houston [14th Dist.] 2006, no pet.). So long as the jury found sufficient proof that Appellant touched K.S.'s genitals with any part of his body, *see id.* (sexual contact can occur with any part of defendant's body), and believed that while doing so Appellant possessed the requisite *mens rea* beyond a reasonable doubt, his conviction stands.

Here, although the jury apparently failed to find proof of penetration beyond a reasonable doubt based on the Count One acquittal, there is legally sufficient evidence in the record to establish sexual contact beyond a reasonable doubt for two reasons. First, the jury could reasonably infer genital contact from K.S.'s testimony that Appellant had sexual intercourse with her. Second, the jury could also draw the same inference from Frettoloso's testimony that he witnessed K.S. with her pants down and Appellant having sexual intercourse with K.S.[4] Viewed

---

[4] Appellant appears to argue that the State must definitively prove oral contact as an alternate method of indecency in order to uphold his conviction, since his acquittal on the sexual assault charge alleging genital-to-genital contact

4

in light of this testimony, Appellant's apparently uncorroborated confession to performing oral sex on K.S. is not strictly relevant. The State needed to only prove sexual contact and it did so through victim and eyewitness testimony. The evidence was legally sufficient on this count.

Issue One is overruled.

### *Ineffective Assistance of Counsel*

In Issue Two, Appellant maintains that trial counsel rendered constitutionally ineffective assistance by failing to offer testimony from a psychiatric or "false confessions" expert on the effects of Appellant's brain injury. We disagree.

### **Applicable Law**

Both the federal and state constitutions guarantee a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984)(interpreting Sixth and Fourteenth Amendments to U.S. Constitution); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986)(adopting *Strickland* analysis for state constitutional claims). We review ineffective assistance of counsel claims under a two-step analysis. First, we must determine whether counsel's performance was deficient, i.e., if his performance fell below the standard of prevailing professional norms. *Id*. at 55. Second, we determine whether counsel's error prejudiced the defendant—in other words, whether there is a reasonable probability that, but for counsel's error, the outcome of the

---

and penetration resulted in an automatic acquittal on the "lesser included" indecency charge from the same alleged sexual act. This is a misapprehension of law. While acquittal on a lesser-included offense would necessarily preclude conviction of a greater offense predicated on the same elements, a jury is free to acquit a defendant of a greater offense while still finding him guilty of a lesser-included offense. *See Prince v. State*, No. 08-12-00290-CR, 2014 WL 5317143, at *3 (Tex.App.--El Paso Oct. 17, 2014, no pet.)(not designated for publication)(discussing greater v. lesser-included offenses in jury charge context).

Here, even assuming for the sake of argument that Count II functioned as a lesser-included offense of Count I and not as a distinct act separate from alleged genital-to-genital contact, the jury was not precluded as a matter of law from finding that Appellant touched K.S.'s genitals with his own genitals or any other part of his body (sufficient to uphold Count II) while still finding there was no penetration involved from that act (explaining the acquittal on Count I).

proceeding would have been different. *Hernandez*, 726 S.W.2d at 55. "The two prongs of *Strickland* need not be analyzed in a particular order - the prejudice prong may be analyzed first and the performance prong second." *Ex parte Martinez*, 330 S.W.3d 891, 900 n.19 (Tex.Crim.App. 2011). "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Mallet v. State*, 9 S.W.3d 856, 866 (Tex.App.--Fort Worth 2000, no pet.)[Internal quotations marks omitted].

**Analysis**

Appellant asserts that under *Ake v. Oklahoma*, 470 U.S. 68, 74, 105 S.Ct. 1087, 1091-92, 84 L.Ed.2d 53 (1985), he was entitled to a court-appointed psychiatrist upon request as an indigent defendant. Appellant does not argue that, as in *Ake,* appointment of a psychiatric expert would have allowed him to possibly present an insanity defense. Instead, Appellant insists that the psychiatric expert could have contextualized and discredited his confession in the eyes of the jury by describing the nature of his head injury. Thus, by not securing a court-appointed psychiatrist, Appellant argues trial counsel failed to call a material witness. *See Mallet*, 9 S.W.3d at 866.

Appellant cites *Woods v. State*, 59 S.W.3d 833, 837-38 (Tex.App.--Texarkana 2001, pet. granted), *rev'd on other grounds*, 108 S.W.3d 314 (Tex.Crim.App. 2003), in support of his argument. In *Woods*, the Texarkana Court of Appeals recognized the importance of mental health expert witnesses to the defense and reversed a defendant's conviction where his attorney failed to obtain a court-appointed psychiatrist who could evaluate an adverse psychiatric report produced by the State. 59 S.W.3d at 837-38. This case is distinguishable. In *Woods*, the defendant was able to overcome the presumption of competence because the direct appeal record

6

showed that the defendant had a history of childhood abuse, a head injury, multiple commitments to state mental hospitals beginning at age thirteen, and "evidence that he heard voices telling him to do bad things and that he suffered hallucinations." *Woods,* 59 S.W.3d at 838. As such, trial counsel's failure to obtain a free, court-appointed defense psychiatrist to investigate a possible insanity defense constituted obvious prejudicial error. *Id*. at 837-38.

Here, because there is no record evidence showing that counsel completely failed to investigate Appellant's mental health condition, the presumption of competence applies. *Compare Conrad v. State*, 77 S.W.3d 424, 426 (Tex.App.--Fort Worth 2002, pet. ref'd)(attorney's admitted failure to investigate client's mental condition at all constituted deficient performance *per se* under *Strickland* prong one). The record on direct appeal in this case shows Appellant sustained a head injury in a car accident, and that as a result of the injury, he suffers from occasional memory loss and some difficulty in speaking. Unlike *Woods*, in which the limited direct appeal record showed that the defendant suffered from severe mental health issues warranting further investigation, the record before us is too underdeveloped to overcome the presumption that counsel's failure to obtain and call a psychiatric witness, even in light of Appellant's brain injury, was strategic.

Even if on this record we believed counsel's performance fell below an objective standard of reasonableness, we do not believe Appellant can show there was a reasonable probability that the outcome of this case would be different had psychiatric testimony been introduced. Appellant correctly points out that the State relied on his confession to performing oral sex on K.S. in its closing arguments. However, the victim K.S. and Frettolso, a corroborating witness, both testified that Appellant engaged in sexual conduct with K.S. The independent evidence of Appellant's guilt from the victim and an eyewitness mitigates the

7

prejudicial effect of any error committed by trial counsel.

In sum, the record presented is insufficient to establish either deficient performance or prejudice. This point is without merit.

Issue Two is overruled. The judgment of the trial court is affirmed.


January 9, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, J., and Larsen, Senior Judge
Larsen, Senior Judge Sitting by Assignment

(Do Not Publish)