ACCEPTED
01-15-00370-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/3/2015 2:45:47 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00370-CR

IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/3/2015 2:45:47 PM
CHRISTOPHER A. PRINE
Clerk

### DANIEL WAYNE TOVAR
Appellant

vs.

### THE STATE OF TEXAS
Appellee

On appeal from the 20th Judicial District Court of Milam County, Texas
The Honorable John Youngblood, Judge Presiding
Cause No. 24217

## APPELLANT'S BRIEF

*Counsel of Record:*

Tyler Pennington
State Bar No. 24076617
Pennington Law PLLC
106 S. Harris St. Suite 125
Round Rock, TX 78664
PH: (512) 255-2733
FAX: (866) 736-3690
tyler@penningtonlawpllc.net
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

PARTIES TO THE JUDGMENT:

APPELLANT:                       Daniel Wayne Tovar
                                 Holliday Unit
                                 295 I.H. 45 North
                                 Huntsville, TX 77320


APPELLEE:                        W.W. Torrey
                                 District Attorney
                                 District Attorney's Office of Milam County, Texas
                                 204 N. Central
                                 Cameron, TX 76520
                                 PH: (254) 697-7013
                                 FAX: (254) 697-7016
                                 wwtorrey@milamcounty.net

PRESIDING JUDGE:                 The Honorable John Youngblood


DEFENSE TRIAL COUNSEL: Perry D. Cortese
                                 P.O. Box 883
                                 Little River, TX 76554

TRIAL PROSECUTORS:               W.W. Torrey
                                 District Attorney Milam County, Texas
                                 204 N. Central
                                 Cameron, TX 76520

APPELLANT COUNSEL:               Tyler Pennington
                                 Pennington Law PLLC
                                 106 S. Harris St., Suite 125
                                 Round Rock, TX 78664
                                 PH: (512) 255-2733
                                 FAX: (866) 736-3690
                                 tyler@penningtonlawpllc.net

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL............................................i

TABLE OF CONTENTS.............................................................ii

INDEX OF AUTHORITIES....................................................iii-iv

STATEMENT OF CASE........................................................v-vi

STATEMENT REGARDING ORAL ARGUMENT...............................vi

ISSUE PRESENTED...............................................................vi

TRIAL COUNSEL'S REPRESENTATION AT APPELLANT'S
SENTENCING HEARING WAS DEFICIENT AND THE DEFICIENCY
WAS SO SERIOUS THAT IT PREJUDICED APPELLANT'S DEFENSE
AND DENIED APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE
OF COUNSEL

STATEMENT OF FACTS.........................................................1-3

SUMMARY OF THE ARGUMENT.................................................3

ARGUMENT AND AUTHORITIES............................................4-11

PRAYER...........................................................................11

CERTIFICATE OF SERVICE.......................................................12

CERTIFICATE OF COMPLIANCE WITH WORD LIMIT.......................12

# INDEX OF AUTHORITIES

## TEXAS CASES

*Haynes v. State*, 790 S.W.2d 824 (Tex. Crim. App. 1990) ………...................................4

*Ex Parte Torres*, 943 S.W.2d 469, (Tex. Crim. App. 1997) ………………………....4

*Ex Parte Felton*, 815 S.W.2d 733 (Tex. Crim. App. 1991)……………........…..........4, 11

*Robinson v. State*, 16 S.W.3d 808 (Tex. Crim. App. 2000) ………………………….5

*Reyes v. State*, 849 S.W.2d 812 (Tex. Crim. App. 1993) ………...................................5

*Woods v. State*, 59 S.W.3d 833 (Tex. App – Texarkana, 2001, pet. granted)………

…………………………………………………………………………………...5, 7, 8

*Hernandez v. State*, 726 S.W.2d. 53 (Tex. Crim. App. 1986) ………………………..6

*In the Matter of R.D.B, A Juvenile*, 20 S.W.3d 255 (Tex. App – Texarkana,

2000)……………………………………………………………………………..6, 7, 8

*In re G.M.P.*, 909 S.W. 2d 198 (Tex. App. – Houston [14th Dist. 1995, no writ) ..10

## FEDERAL CASES

*Powell v. Alabama*, 287 U.S. 45 (1932) ……………………………………………..4

*McMann v. Richardson*, 397 U.S. 759 (1970) ………………………………………..4

*Anders v. California*, 386 U.S. 738 (1967) …………………………………………..4

*Strickland v. Washington*, 466 U.S. 668 (1984)…………………………………..5, 6, 11

*Moore v. Johnson*, 194 F.3d 586 (5th Cir. 1999) ……………………………………7

*Wiggins v. Smith, et al.* 539 U.S. 510 (2003) …………………………………………9

## STATUTES AND RULES

TEX. PEN. CODE §22.01 …………………………………………………….....v

U.S. CONST. AMEND VI …………………………………………………….4, 11

U.S. CONST. AMEND XIII …………………………………………………….4, 11

TEX. CONST. ART. I, § 10 …………………………………………............4, 11

TEX. R. APP. P. §33.1(a).  …………………………………………………...5

TEX.R.EVIDENCE 405(a)(1)…………………………………………………10

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW, Daniel Wayne Tovar, Appellant, and respectfully submits this brief alleging that his trial counsel's performance at the sentencing hearing on his Motion to Proceed with Adjudication was ineffective.

## STATEMENT OF THE CASE

On February 3, 2013, Daniel Wayne Tovar entered a plea agreement to receive four years deferred adjudication probation for a state jail felony burglary of a building under TEX. PEN. CODE § 30.02. The Court entered an Order of Deferred Adjudication on the same date. (Clerk's Record Volume 1, pages 9-22). On November 7, 2014 the State filed a Motion to Proceed with Adjudication alleging that Mr. Tovar had violated various conditions of his four-year deferred adjudication. (Clerk's Record Volume 1, pages 24-28).

Mr. Tovar entered into a plea of true to the allegations in the Motion to Proceed with Adjudication on February 12, 2015, and with assistance of trial counsel elected to go to the Court for sentencing. (Clerk's Record Volume 1, pages 37-39).

The sentencing hearing was set for March 13, 2015. (Reporter's Record Volume 3, page 7, line 9). At the conclusion of the sentencing hearing the Court assessed his punishment at twenty-four months in the Texas Department of

Corrections (Clerk's Record Volume 1, pages 41-44). Mr. Tovar, through his trial

counsel filed a Motion for New Trial on March 26, 2015 and Notice of Appeal on

the same date. (Clerk's Record Volume 1, pages 48-49 and page 46).

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument will not aid the court's decisional process in this appeal

## ISSUE PRESENTED

TRIAL COUNSEL'S REPRESENTATION AT APPELLANT'S
SENTENCING HEARING WAS DEFICIENT AND THE DEFICIENCY
WAS SO SERIOUS THAT IT PREJUDICED APPELLANT'S DEFENSE
AND DENIED APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE
OF COUNSEL

## STATEMENT OF THE FACTS

Daniel Wayne Tovar was on a four-year deferred adjudication for state jail felony burglary of a building. The State filed a Motion to Proceed with Adjudication alleging various violations of his deferred adjudication. Mr. Tovar pled true to the allegations in the States Motion to Proceed with Adjudication and then proceeded to sentencing for the trial Court to assess his punishment. (Clerk's Record Volume 1, pages 9-22, 24-28 and 37-39).

Prior to the sentencing hearing a Pre-Sentencing Investigation (PSI) was conducted by Mrs. Lekethia Sims, Mr. Tovar's probation officer. (Reporter's Record Volume 4, page 4, lines 11-12). The State asked the Court to take notice of the PSI, and they also called as witnesses Chief Thomas Harris of Rockdale, Texas Police Department, and Lieutenant J.D. Newlin of Rockdale, Texas Police Department. (Reporter's Record Volume 4, page 5, lines 1-4).

Both Chief Harris and Lieutenant Newlin testified on the State's direct examination that Mr. Tovar had a "bad" reputation in the community for being peaceful and law abiding. Mr. Tovar's trial counsel did not conduct any cross-examination of either Chief Harris or Lieutenant Newlin. (Reporter's Record Volume 4, page 6, lines 5-10 and page 7, lines 8-12).

Mr. Tovar testified on direct examination through his trial counsel that he has had both drug and alcohol issues for the past six or seven years. (Reporter's

1

Record Volume 4, page 8, lines 8-14). Mr. Tovar also testified that he has discussed attending rehab with his probation officer Mrs. Sims. He further testified that he believes a rehab program would be good for him (Reporter's Record Volume 4, page 8, lines 16-23). On the State's cross-examination of Mr. Tovar, they elicited that Mrs. Sims had previously discussed rehab with Mr. Tovar and that he was not interested in attending the rehab. (Reporter's Record Volume 4, page 11, lines 3-9). Mr. Tovar testified on cross-examination by the State that he was unaware of Mrs. Sims' recommendation of a sentence in the Texas Department of Corrections in the PSI. (Reporter's Record Volume 4, page 11, lines 22-25).

Mr. Tovar's trial counsel argued in closing that Mr. Tovar has had ongoing problems with drugs and alcohol since he was about fifteen-years old. (Reporter's Record Volume 4, page 13, lines 20-22). He further argued that Mr. Tovar has some limitations due to learning disabilities. (Reporter's Record Volume 4, page 14, lines 5-7). The State focused a majority of their closing argument on Mrs. Sims' PSI by pointing out specific pages in the PSI detailing Mr. Tovar's lengthy criminal history. (Reporter's Record Volume 4, page 14, lines 18-25 and page 15, lines 1-25). Neither Mr. Tovar nor the State called Mrs. Sims as a witness.

The judge stated in his ruling stated that he "had hoped that Mrs. Sims would testify and [he] could ask about it". The Court further stated that Mr. Tovar

2

represented in the sentencing hearing that he had never been provided a previous opportunity for treatment, but that the PSI stated that he had previously attended treatment which resulted in him being terminated from the program after thirty days. Finally, the Court made the determination that Mr. Tovar was terminated from the program because he did not want to be in treatment and just wanted to do his jail time. The Court came to these conclusions upon reviewing allegations in the PSI. (Reporter's Record Volume 4, page 16, lines 4-14). The Court agreed with Mr. Tovar's trial counsel that Mr. Tovar had a problem with substance abuse. (Reporter's Record Volume 4, page 16, lines 19-20). Neither Mr. Tovar nor the State called any substance abuse witnesses.

Based upon the above evidence at the sentencing hearing the trial Court assessed Mr. Tovar's sentence at twenty-four months in the Texas Department of Corrections for the state jail felony burglary of a building and eight years in the Texas Department of Corrections on the third-degree felony assault family violence –impeding breath or circulation. (Reporter's Record Volume 4, page 17, lines 10-15).

## Summary of the Argument

**Issue:** Trial counsel's performance at Appellant's sentencing hearing was deficient and the deficiency was so serious that it prejudiced Appellant's defense and denied Appellant's right to effective assistance of counsel.

3

## Argument and Authorities

The burden of proof in an ineffective assistance of counsel claim rests with the defendant who must prove ineffective assistance of counsel by a preponderance of the evidence. *Haynes v. State*, 790 S.W.2d 824, 827 (Tex. Crim. App. 1990). In order to determine whether the defendant has met his burden, the reviewing court looks to the totality of circumstances of the case in evaluating the reasonableness of the attorney's conduct. *Ex Parte Felton*, 815 S.W.2d, 733, 735 (Tex. Crim. App. 1991).

The right to assistance of counsel is guaranteed by the Sixth and Fourteen Amendments of the United States Constitution as well as the Article 1, Section 10 of the Texas Constitution. The right to be represented by counsel is by far the most important of a defendant's constitutional rights because it affects the ability of a defendant to assert myriad other rights. *Powell v. Alabama*, 287 U.S. 45, 53 (1932).

A defendant is constitutionally entitled to have effective counsel acting in the role of an advocate. *Anders v. California*, 386 U.S. 738, 743 (1967). This right to assistance of counsel has long been understood to include a "right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970).

In most cases, a writ of habeas corpus is the preferred method for raising ineffective assistance of counsel claims. *Ex Parte Torres*, 943 S.W.2d 469, 592-93

4

(Tex. Crim. App. 1997). This is not to say that a claim of ineffective assistance of counsel cannot be raised on direct appeal. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). The direct appeal court has jurisdiction to hear ineffective assistance of counsel claims. *Woods v. State*, 59 S.W.3d 833, 835 (Tex. App – Texarkana, 2001, pet. granted). Texas Rules of Appellate procedure generally require that in order to raise a complaint on appeal the complaint must be preserved in the trial court by asserting a timely objection or motion. TEX. R. APP. P. §33.1(a). However, ineffective assistance of counsel claims are exempted from this rule of error preservation. *Robinson v. State*, 16 S.W.3d 808, 812 (Tex. Crim. App. 2000).

The court in *Strickland v. Washington* set forth the groundwork for addressing an ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668 (1984). To prove a claim of ineffective assistance of counsel, the defendant must show by the preponderance of the evidence that his counsel's representation was deficient and that the deficient performance was so serious that it prejudiced his defense so as to provide a fair trial. *Id* at 687-696. The proper standard for judging attorney performance is that the assistance should be reasonably effective considering all the circumstances. The defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id* at 687-691. The defendant must then show that there is a reasonable probability

5

that, but for counsel's unprofessional errors, the result of the proceeding would have been different to prove that the deficient performance prejudiced the defendant.

The state of Texas has applies the *Strickland* test and has recognized that it applies to all stages of the criminal trial. In fact, *Strickland* applies to a claim of deficient attorney performance at a non-capital sentencing hearing. *See Hernandez v. State,* 726 S.W.2d. 53, 56 (Tex. Crim. App. 1986).

*In the Matter of R.D.B* recognized that defense counsel's failure to get a mental health expert was ineffective. *In the Matter of R.D.B, A Juvenile,* 20 S.W.3d 255 (Tex. App – Texarkana, 2000). In *R.D.B,* the State called the only witnesses who testified at the release or transfer hearing was Leonard Cucolo, program administrator for the Texas Youth Commission. This witness testified that R.D.B. has a brain injury. The witness then testified regarding a psychological evaluation conducted by Larry Reue and Reue's conclusion that most of R.D.B.'s behavior was a result of anti-social values and characteristics rather than the brain disorder. Cucolo testified that in Reue's opinion *R.D.B* was at a high risk of re-offending. *Id* at 256-257.

The State relied heavily on this testimony at sentencing but did not actually call any of the experts involved with the report. R.D.B.'s counsel did not call any of the individuals involved in the report, nor did they call their own expert. The

6

court in *R.D.B* determined that if defense counsel would have called an expert witness it would have required the State to call their own mental health expert to testify. Defense counsel would then have been able to better test the conclusions contained in the report. The court in *R.D.B.* found defense counsel ineffective. *Id* at 261.

In *Woods v. State* the record contained a substantial amount of information regarding Woods' previous mental health history. *Woods v. State*, 59 S.W.3d 833 (Tex. App – Texarkana, 2001, pet. granted). The Court in *Woods* determined that based on the facts, it was defense counsel's obligation to request a court-appointed mental health expert in order to render effective assistance of counsel. *Id* at 838. Defense counsel had previously filed a motion for psychiatric examination, where counsel refers to Woods' past psychiatric history, therefore counsel was aware of Woods' mental health history. *Id* at 836. *See* also *Moore v. Johnson*, 194 F.3d 586 (5th Cir. 1999) (finding defense counsel ineffective for failing to investigate, develop, or present mitigating evidence at punishment despite evidence of defendant's brain damage.).

Mr. Tovar's case is similar to *Woods* in that Tovar's counsel knew of his past history of substance and alcohol abuse, as evidenced by the following line of questioning:

"Q.    Okay. An one -- how long has drugs been an issue in your life?

A.     The last maybe six, seven years.

Q. (BY MR. CORTESE) How about alcohol? Has alcohol been an issue in your life, too?

A.     Uh-huh, since I was a teenager." (Reporter's Record Volume 4, page 8, lines 8-15).

Additionally, Mr. Tovar's counsel argued in closing that "he's had an ongoing problem with drugs and alcohol since he was about 15 years old." (Reporter's Record Volume 4, page 13, lines 20-22). He further argued that Mr. Tovar has some learning disabilities, and does not read well which causes limitations. (Reporter's Record Volume 4, page 14, lines 5-7). As in *Woods,* Mr. Tovar's counsel clearly was aware of his history of substance and alcohol abuse along with his mental health history.  However, he failed to request a court appointed substance abuse or mental health expert to testify at sentencing, and, like in *Woods,* his failure to do so rendered his representation ineffective.

Much like in *R.D.B,* the State in Mr. Tovar's case relied heavily on a pre-sentence investigation conducted by his probation officer, Mrs. Sims. However, unlike in *R.D.B.,* neither Mr. Tovar's counsel nor the State called anyone involved with the report. In fact, the Court in Tovar even mentioned that it would had hoped that Mrs. Sims would have testified. (Reporter's Record Volume 4, page 16, lines

8

5-7). The Court also agreed with Mr. Tovar's counsel that he had a problem with substance abuse. (Reporter's Record Volume 4, page 14, lines 19-20).

Mr. Tovar's counsel not only failed to adequately challenge Mrs. Sims' report at the sentencing hearing, but the record is void of any investigation counsel conducted in order to verify or to challenge the statements contained in the report. Furthermore, there is nothing in the record, which suggests that counsel did an investigation independent of the PSI. *See Wiggins v. Smith, et al.* 539 U.S. 510 (2003) (finding counsel ineffective where the only investigation into mitigation evidence was a PSI and department of social services records. The Court found counsel's failure to conduct investigation independent of the PSI and social services records to be ineffective.).

Failure of Mr. Tovar's counsel to call Mrs. Sims to testify was deficient and prejudiced Mr. Tovar's defense of presenting a treatment option rather than a prison option for sentencing. Had Mr. Tovar's counsel called Mrs. Sims and retained a court appointed expert to review the report and to testify to Mr. Tovar's substance abuse, alcohol abuse, and mental health history, it would have required the State to call its own mental health experts to testify and would have enabled defense counsel to better test the conclusions contained in the report. *See R.D.B* at 261.

Not only did Mr. Tovar's counsel fail to get a court appointed expert to review the PSI and to testify, but he failed to challenge reputation testimony by Chief Harris or Lieutenant Newlin who both stated that Mr. Tovar's reputation for being law abiding was "bad". (Reporter's Record Volume 4, page 5, lines 1-4). Both Chief Harris and Lieutenant Newlin failed to testify as to how they specifically had knowledge of Mr. Tovar's reputation and Mr. Tovar's counsel failed to cross-examine both Harris and Newlin on how they formed the basis of this opinion. *See In re G.M.P.*, 909 S.W2d 198, 209 (Tex. App. – Houston [14th Dist. 1995, no writ) and TEX. R. EVIDENCE 405(a)(1). Furthermore, Mr. Tovar's counsel called no witnesses to rebut the claims made by Harris and Newlin.

Due to the above, Mr. Tovar has shown by a preponderance of the evidence that his counsel's performance was deficient and this deficient performance prejudiced Mr. Tovar and deprived him of a fair trial. But for Mr. Tovar's trial counsel failing to request a court appointed expert or calling Mrs. Sims as a witness, the Court would have been able to hear more detailed evidence of Mr. Tovar's substance abuse and mental health history along with why a treatment option versus a lengthy prison sentence may have been more appropriate.

Additionally, but for Mr. Tovar's counsel failing to challenge or rebut the reputation evidence by Chief Harris and Lieutenant Newlin, the Court could have

assessed whether the reputation evidence was credible and would have likely heard not only negative evidence presented by the State of Mr. Tovar's character, but positive evidence of his character as well. There is a reasonable probability that had counsel presented the above evidence it would have caused a different result in Mr. Tovar's sentencing. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *See Strickland* at 691-696.

In reviewing the totality of circumstances including the failure to call the PSI witness, failure to get a court appointed expert, and failure to challenge reputation evidence, Mr. Tovar's counsel's performance was affirmatively not reasonable. *See Ex Parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). Therefore, Mr. Tovar's right to counsel as guaranteed by the Sixth and Fourteen Amendments of the United States Constitution as well as the Article 1, Section 10 of the Texas Constitution was violated.

## PRAYER

WHEREFORE, PREMISIS CONSIDERED, Appellant Daniel Wayne Tovar, asks the court to reverse the sentence on this cause and remand to the trial court for a new sentencing hearing.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of this brief was served by mail to counsel for the State, W.W. Torrey, District Attorney, Milam County District Attorney's Office 204 N. Central Cameron, TX 76520, PH: (254) 697-7013, FAX: (254) 697-7016 on August 3, 2015 via facsimile transmission.

Tyler Pennington
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

The undersigned counsel represents that they have relied on the word count tool in the Word document and that this brief is a total of 2604 words.

Tyler Pennington
Attorney for Appellant