Gary HAYNES, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–88–058–CR.

Court of Appeals of Texas,
Austin.

May 23, 1990.

Michael Shulman, San Marcos, for appellant.

Charles Chapman, Crim. Dist. Atty., John A. Costello, Asst. Dist. Atty., San Marcos, for appellee.

Before POWERS, JONES and ONION *, JJ.

ONION, Justice (Retired).

This is an appeal from a conviction for evading arrest. Following a plea of nolo contendere before the court, appellant's punishment was assessed at fifty (50) days confinement in the county jail.

The appellant advances two points of error. First, he contends he was denied his guaranteed right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution. Secondly, appellant urges he was denied due process of law because the plea arrangement was reached in a judge's presence and in his absence. We will reverse the judgment and remand the cause.

On March 17, 1988, while represented by appointed counsel, appellant entered his plea of nolo contendere in a bench trial. Thereafter, he filed a pro se motion for new trial alleging ineffective assistance of counsel. He then retained counsel.

At the hearing on the motion for new trial, appellant's trial counsel testified he was appointed about February 1, 1988, to represent appellant on charges of resisting arrest and evading arrest. He talked to appellant two or three times prior to the entry of the nolo contendere plea. He admitted appellant gave him the names of two potential witnesses who were with appellant at the time of the alleged offense. Counsel did not take their addresses or telephone numbers and did not contact or interview them. His recollection was that one was unavailable and one was reluctant to testify. On February 22, 1988, counsel talked to one of the prosecutors. He could not recall that he saw the prosecution's file. When asked if he had seen the offense report, counsel acknowledged he had seen it, for the first time, the day before his testimony at the hearing on the motion for new trial. He did not know that four police officers had been involved in the arrest. He did not talk to them or interview any prosecutorial witnesses. He did not visit the scene of the incident giving rise to the charges. Counsel recalled that appellant informed him that the original stop had been of an automobile of which he was not the driver but a passenger, and that the stop was apparently for the traffic offense of improperly changing lanes. He did not check to see if any charges had been filed against the woman driver, and did not explore the possibility of testing probable cause for such stop by pretrial motion or otherwise. Counsel remembered that appellant had told him that before the alleged offenses, the officers had threatened to take him and the other male passenger into the bushes and "beat the hell out of them." He generally assumed the potential defense witnesses were not in a position to have heard the threat related to him by appellant.

Counsel related that at the time of his first contact with one of the prosecutors, he obtained a plea bargain offer: appellant was to plead guilty to both offenses and pay over $600.00 in fines and court costs. He conveyed the offer to appellant, and then he obtained a reset of the case from February 25 to March 17, 1988.

Counsel related that appellant arrived at his office on March 17th, but had been unable to raise any money. He proceeded to the courthouse with the appellant hoping to get the cases reset again; that at the courthouse a judge (who did not later hear the plea) urged him and the State to reach an agreement; that the State offered another plea bargain which he communicated to the appellant who had been waiting in the hallway. The State was willing to dismiss the resisting arrest charge if the ap-

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003 (1988).

pellant entered a plea to the evading arrest charge, and agreed to take 50 days in jail as punishment.

Counsel testified that while executing the plea papers, appellant had expressed some reluctance to accept the plea bargain and indicated he wanted a trial just as he had earlier that morning. Counsel then told appellant that he had obtained two plea bargains for him and that appellant needed to make up his mind. Counsel stated that appellant then agreed to the plea bargain and entered his plea of nolo contendere before the court; that he had not encouraged a trial because of his concern about appellant's credibility based on his demeanor in counsel's office, and the fact of several prior felony convictions.

Counsel admitted he did not advise the appellant of his right to file a motion for new trial, though it was probably his responsibility. He simply advised the appellant to see the trial judge about obtaining another appointed counsel.

Appellant testified at the hearing on the motion for new trial that shortly after learning of counsel's appointment, he reported to counsel's office. They talked about 20 minutes, and he gave counsel the names and addresses of the two witnesses. The witnesses were never called by counsel.

As appellant recalled, they went to court on February 25th, but his cases were reset for March 17th. It was on that date, after telling counsel he wanted a trial, that appellant was offered both plea bargains. Appellant related he could not accept the first one because he had no money, and therefore felt that he had to take the offer of 50 days in jail. Appellant further stated that counsel did not explain the plea forms and waivers he executed. He was told that it did not matter, that because of the plea bargain he did not need to understand what rights he was waiving. When asked why he did not tell the judge that he did not want to plead guilty and wanted a trial, he explained that he had entered a plea of nolo contendere which counsel told him was "... you're not exactly saying you did it, and you're not saying you didn't do it...."

At the conclusion of the hearing the trial court overruled the motion for new trial. Notice of appeal was given, and appellant is represented on appeal by appointed counsel.

In Texas, a defendant in a criminal case is entitled to reasonably effective assistance of counsel. *Wilkerson v. State,* 726 S.W.2d 542, 548 (Tex.Cr.App.1986) cert. denied, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980). In *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1980), the Supreme Court held that in order to show ineffective assistance of counsel, a convicted defendant must (1) show that his trial counsel's performance was deficient, in that counsel made such serious errors he was not functioning effectively as counsel, and (2) show that the deficient performance prejudiced the defense to such a degree that appellant was deprived of a fair trial. In this connection, a strong presumption exists that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. "Prejudice," however, is demonstrated when the convicted defendant shows a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ex parte Guzmon,* 730 S.W.2d 724, 733 (Tex.Cr.App.1987) quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. No mechanistic formula was provided by *Strickland.* "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Butler v. State,* 716 S.W.2d 48, 54 (Tex.Cr. App.1986) quoting *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064.

The *Strickland* standard has been adopted in Texas for resolving allegations of ineffective assistance of counsel under both the federal and state constitutions.

*Hernandez v. State,* 726 S.W.2d 53, 56–57 (Tex.Cr.App.1986). However, *Ex parte Cruz,* 739 S.W.2d 53, 58 (Tex.Cr.App.1987), held that the standard to be applied at the penalty stage of the trial was that of *Ex parte Duffy,* 607 S.W.2d at 514, 516 (counsel reasonably likely to render and rendering reasonable effective assistance). *See Ex parte Walker,* 777 S.W.2d 427, 430–31 (Tex.Cr.App.1989). Nevertheless, the two part test of *Strickland* is applicable to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985); *Ex parte Adams,* 707 S.W.2d 646, 649 (Tex.Cr.App.1986); *Ex parte Pool,* 738 S.W.2d 285, 286 (Tex.Cr.App.1987). The same would be true of pleas of nolo contendere. *See* Tex.Code Cr.P.Ann. art. 27.02(5) (1989).

▮ Whether the *Strickland* standard has been met is to be judged by the "totality of the representation," rather than by isolated acts or omissions of trial counsel, and the test is applied at the time of the trial, not through hindsight. *Wilkerson,* 726 S.W.2d at 548; *Ferguson v. State,* 639 S.W.2d 307, 310 (Tex.Cr.App.1982); *see also Ex parte Welborn,* 785 S.W.2d 391 (Tex.Cr.App.1990). The burden of proving ineffective assistance of counsel rests upon the convicted defendant by a preponderance of the evidence. *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Cr.App.1985). The particular facts and circumstances of each case must be considered in any claim of ineffective assistance. *Johnson v. State,* 691 S.W.2d 619, 626 (Tex.Cr.App.1984), cert. denied, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985). Allegations of ineffective assistance of counsel will be sustained only if they are firmly founded. *Smith v. State,* 676 S.W.2d 379, 385 (Tex.Cr.App.1984), cert. denied, 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985).

▮ Among counsel's duties is that of making an independent investigation of the facts of his client's case. *Ex parte Ewing,* 570 S.W.2d 941, 947 (Tex.Cr.App.1978). It is fundamental that an attorney must have a firm command of the facts of the case as well as the law before he can render reasonably effective assistance of counsel. *Butler,* 716 S.W.2d at 54. "A natural consequence of this notion is that counsel also has a responsibility to seek out and interview potential witnesses and failure to do so is to be ineffective, if not incompetent, where the result is that any viable defense available to the accused is not advanced." *Ex parte Lilly,* 656 S.W.2d 490, 493 (Tex.Cr.App.1983). That duty cannot be sloughed off to an investigator. *Butler,* 716 S.W.2d at 54; *Flores v. State,* 576 S.W.2d 632, 634 (Tex.Cr.App.1979). Nor may counsel rely exclusively upon facts of the case as represented by a prosecuting attorney. *Butler,* 716 S.W.2d at 56; *Ex parte Raborn,* 658 S.W.2d 602, 605 (Tex.Cr.App.1983). Further, counsel must make the independent investigation of the facts of the case, eschewing wholesale reliance on the veracity of the defendant's version of the facts. *Ex parte Duffy,* 607 S.W.2d at 517.

▮ In the instant case, counsel, although later saying he had little faith in the appellant's credibility, made no independent investigation of the facts. He did not seek out or interview either potential defense or prosecutorial witnesses, nor did he visit the scene of the alleged offenses. The State insists that he did confer with several of the prosecutors but counsel could not recall whether he saw the State's file. Certainly he did not see the offense report until after the trial and did not know that four officers were involved. Under any circumstances, counsel is unable to rely exclusively upon facts, if any, gleaned from the prosecutors to satisfy his duty and responsibility. The woman driver of the automobile, whose name appellant had given counsel, was shown to be available. In fact, she was called to testify at the hearing on the motion for new trial. The trial court refused to permit her to testify, and appellant perfected a bill of exception. She testified that she was aware of a police vehicle behind her, that she did not improperly change lanes, that the police nevertheless stopped her vehicle in which appellant was a passenger, and that the police never filed charges against her. Her testimony

indicated the possibility there was no probable cause for the original stop of the automobile.[1]

An essential requisite in attacking a plea of guilty or nolo contendere is a showing that the plea was unknowingly and involuntarily entered. *Glaze v. State*, 675 S.W.2d 768, 769 n. 1 (Tex.Cr.App.1984); *Larson v. State*, 759 S.W.2d 457, 460 (Tex.App.1988, pet. ref'd), cert. denied, — U.S. ——, 109 S.Ct. 1646, 104 L.Ed.2d 161 (1989) Appellant's testimony showed that he did not voluntarily and knowingly enter the plea, and much of this was unrefuted including counsel's explanation to appellant as to the meaning of a nolo contendere plea. Counsel's own testimony showed that appellant had expressed a desire to go to trial, even indicating the same desire while executing the plea papers.

Appellant has satisfied the two pronged test of *Strickland*. Trial counsel's representation clearly fell below an objective standard of reasonableness and, as a result, the plea bargain arrangement agreed to by appellant was entered into unknowingly and involuntarily. *Ex parte Pool*, 738 S.W.2d at 286. Appellant's first point of error is sustained. We need not reach appellant's second contention.

The judgment is reversed and the cause remanded.

---

**1.** Counsel's failure to call witnesses would be "irrelevant" absent a showing that such witnesses were available and the defendant would benefit from their testimony. *King v. State*, 649 S.W.2d 42, 44 (Tex.Cr.App.1983). In the instant case the failure was not irrelevant.