IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-419-CR





RICKY LAVAN WHITLEY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0914802, HONORABLE BOB JONES, JUDGE PRESIDING



 





 Appellant was convicted by a jury of the offense of possessing cocaine with the
intent to deliver. Punishment enhanced by four prior felony convictions was assessed by the trial
court at confinement for 25 years. In his sole point of error, appellant urges that he did not have
effective assistance of trial counsel. We will affirm the judgment.

 Appellant asserts that although his complaints considered individually would not
constitute ineffective assistance, when considered in totality they demonstrate that appellant did
not receive effective assistance of counsel. Trial counsel is faulted for failing to obtain a pretrial
probable cause for arrest hearing, failing to challenge the qualifications of the chemist who
testified as an expert witness, and failing to object to any of the evidence offered by the State.

 Austin police officers armed with an arrest warrant, not in uniform and in
unmarked vehicles, were looking for Victor Carr, a long-time street corner drug dealer with "a
semi-large operation of people working for him." Officers Dennis Clark and Richard Burns were
in a pickup truck. Officers Robert Travis and Keith Reynolds were in a "Suburban," following
Clark and Burns. Clark was familiar with the area and the house at 2303 Coronado Street in
Webberville where they expected to find Carr, since Clark had several times in the past helped
execute search warrants at that house. The house was in an area known for high traffic in the sale
of controlled substances.

 As Clark drove slowly along the street approaching the house in which they
expected to find Carr, appellant ran alongside the pickup yelling: "What you want, man? What
you want?" Clark thought appellant was attempting to sell him some controlled substance. When
appellant reached the pickup door, Jesse Carr, Victor's brother, who was standing in the front
yard shouted, "he's the law." Appellant's "eyes got real big and he started backing away." Clark
"opened the truck door and tried to grab a hold of [appellant], because he was trying to flee." 
When Clark grabbed appellant, appellant threw "something into the air." Officer Travis saw
appellant "running behind Officer Clark's vehicle . . . running to the driver's side" as Travis
stopped the "Suburban" beside Clark's pickup. Travis saw Clark getting out of the pickup and
saw appellant "throw a handful of what appeared at the time to be different colored baggies across
the hood of Officer Clark's truck." Travis ran over and picked up two baggies on the hood of
Clark's truck; they contained a white powder. Travis found and picked up two more baggies on
the ground which contained marihuana.

 Glenn Harbison, a chemist employed by the Austin Police Department, testified that
the baggies submitted to him in this case contained cocaine and marihuana.

 A convicted defendant's claim that counsel's assistance was so defective as to
require reversal of conviction has two components. First, the defendant must show that counsel's
performance was deficient. This requires showing that counsel made errors so serious that
counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. 
Second, the defendant must show that the deficient performance prejudiced the defense. This
requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial,
a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that
the conviction resulted from a breakdown in the adversary process that renders the result
unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Strickland test has been
adopted in this state Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986); see O'Hara v.
State, 837 S.W.2d 139 (Tex. App.--Austin 1992, no pet.).

 A court must indulge a strong presumption that counsel's conduct falls within the
wide range of reasonable professional assistant; that is, the defendant must overcome the
presumption that, under the circumstances, the challenged action might be considered sound trial
strategy. Strickland, 416 U.S. at 689. In any case presenting an ineffectiveness claim, the
performance inquiry must be whether counsel's assistance was reasonable considering all the
circumstances. Strickland, 466 U.S. at 688. A court deciding an ineffectiveness claim must judge
the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as
of the time of counsel's conduct. Strickland, 466 U.S. at 690. The burden of proving ineffective
assistance of counsel by a preponderance of the evidence rests upon the convicted defendant. 
Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); Haynes v. State, 790 S.W.2d 824,
827 (Tex. App.--Austin 1990, no pet.).

 Appellant argues that trial counsel "neglected his duty to attempt to have the arrest
of the defendant suppressed." The transcript on appeal includes a motion to suppress and the trial
court's order which recites: "Came on to be heard Defendant's Motion to Suppress Evidence in
the above-styled and numbered cause. After due consideration, it is the opinion of the Court that
the motion should be: Denied." The order is signed by the trial judge.

 Moreover, the evidence shows appellant was in an area where sellers of controlled
substances were competing with each other to make curb side sales. Appellant ran after Officer
Clark's pickup hawking his wares -- "What you want, man? What you want?" When appellant
was warned that Clark was "the law," appellant attempted to flee, and threw down packets
containing cocaine and marihuana. Under these circumstances, trial counsel could have little
confidence in a successful attempt to suppress. The facts and circumstances within the officer's
knowledge when appellant was placed under arrest were clearly sufficient to warrant appellant's
arrest. Furthermore, the cocaine was abandoned by appellant and was not seized as a result of
his arrest. California v. Hodari D., 499 U.S. 621 (1991).

 Appellant claims that the chemist who testified did not meet the requirements of
an expert witness, and that the State did not request that the chemist be designated an expert. 
Therefore, appellant contends that the opinion of the chemist that the substance found in the
baggies was cocaine should not have been admitted, and that trial counsel was ineffective since
he did not object. The witness, Glenn Harbison, had a Bachelor of Science degree from the
University of Texas. He had attended a Drug Enforcement Administration School concerned with
drug analysis and separation. He had been employed for eight years as a chemist identifying
drugs for the Texas Department of Public Safety. He had worked for three years as a chemist for
the Austin Police Department. Harbison explained spectrophotometry, gas chromatography, and
other tests he used to identify cocaine and other substances. The record reflects that Harbison was
qualified to give his opinion testimony as an expert. Trial counsel was not ineffective in failing
to object to the qualifications of the expert witness.

 Appellant's remaining complaint is that trial counsel failed to object to any of the
evidence offered during the trial. Appellate counsel fails to designate a single instance when
inadmissible evidence was offered to which trial counsel should have voiced an objection. 
Appellant's argument that the failure to object is therefore unpersuasive.

 Trial counsel filed pretrial motions requesting notice of extraneous misconduct
evidence, a motion to disclose exculpatory evidence, a motion for discovery, and four separate
motions in limine. All motions were presented to the trial court and, for the most part, rulings
favorable to appellant were obtained. The trial court appointed two attorneys to defend appellant
at trial. Counsel cross-examined the State's witnesses and offered photographs of the area where
the offense was committed. Counsel objected several times to State counsel's closing argument. 
At the punishment hearing before the trial judge, counsel argued that appellant's good military
record and other matters merited the court's consideration of minimum punishment of twenty-five
years' confinement. The State had offered, and appellant rejected, a plea bargain of confinement
for thirty-five years. After trial the State urged punishment of forty-five years' confinement. The
punishment assessed was the minimum twenty-five years.

 Appellant has failed to show that his trial counsel was ineffective when all of the
facts and circumstances are considered. The totality of trial counsel's representation was well
above the minimum constitutional standard required by Strickland v. Washington, 466 U.S. 668
(1984), and Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986).

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Kidd and Dally*

Affirmed

Filed: June 22, 1994

Do Not Publish













* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).