Keiser 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-246-CR





DAVID KEISER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0925507, HONORABLE THOMAS BLACKWELL, JUDGE PRESIDING



 





 David Keiser was convicted by a jury of aggravated assault and sentenced to
two years' imprisonment. Tex. Penal Code Ann. § 22.02 (West 1989). On appeal, appellant
contends that the trial court erred in: 1) allowing the jury to separate during its deliberations
without affording appellant an opportunity to request sequestration; and 2) failing to properly
instruct the jurors regarding their conduct when separated during deliberations. Appellant also
complains of ineffective assistance of counsel. We will affirm the conviction.

 Appellant's first two points of error address the jury's separation. The record
reflects that after receiving its charge from the court, the jury retired to begin its deliberations
at 10:02 a.m. on December 9, 1992. The court recessed at 6:30 p.m., but the record contains
no description of proceedings held immediately before the jury's separation. At the hearing on
appellant's motion for new trial, appellant's counsel, Carlos Barrera, testified that while he
and appellant were waiting outside the courtroom on the evening of December 9th, the bailiff
notified him that the jury had asked to go home for the night. Barrera immediately began to
confer with appellant about moving to sequester the jury. A few minutes into their
conversation, the jury filed past them and out of the courthouse. The following morning, after
further deliberation, the jury returned a guilty verdict, and the court recessed until December
14th. Appellant did not object to the jury's separation until the morning of December 14th,
when he moved for a mistrial before appellant was sentenced.

 In his first point of error, appellant contends that the trial court erred in
allowing the jury to separate during its deliberations without affording him an opportunity to
move for sequestration. In felony cases the court on its own motion may, and on motion of
either party must, order that the jury be sequestered after the charge is read. Tex. Code Crim.
Proc. Ann. art. 35.23 (West Supp. 1994). The court must also use reasonable diligence to
secure the presence of the defendant and his counsel before answering a written
communication from the jury during its deliberations. Tex. Code Crim. Proc. Ann. art. 36.27
(West 1981). Appellant argues that article 35.23, combined with the requirements of article
36.27, mandates that the defendant be provided an opportunity to be heard on the issue of jury
separation when the issue arises, even if no such request was made before the jury began
deliberating. We disagree.

 Appellant's right to have the jury sequestered is one that is forfeited if no
motion to sequester is made. Hood v. State, 828 S.W.2d 87, 92 (Tex. App.--Austin 1992, no
pet.) (jury may separate after the court's charge is read unless a motion is made that the jury
be sequestered). Therefore, to preserve for appeal a complaint that the trial court has deprived
him of the right to have the jury sequestered, the defendant must first timely request
sequestration. See Tex. R. Civ. P. 52(a) (party must present to the trial court timely request,
objection, or motion in order to preserve complaint for appellate review). A timely request is
one that is made before jury deliberations begin or before the jury asks to separate. Without
such a request, it is within the trial court's discretion to permit the jury to separate. 

 Appellant, however, allowed the jury to continue its deliberations after
separation, reach a verdict, and move on to the punishment phase of the trial before he
complained of its separation. We believe that a defendant should not be permitted to await the
outcome of the jury's deliberations and only complain of jury separation later if he is unhappy
with the verdict. Appellant had ample opportunity to move for sequestration before and
throughout the trial. Because appellant failed to request sequestration, he has not preserved his
complaint for review. Consequently we overrule the first point of error.

 Appellant asserts in his second point of error that the trial court failed to
instruct the jury regarding its conduct before its separation on December 9th. See Tex. Code
Crim. Proc. Ann. art. 35.23 (West Supp. 1994) (court shall give jurors proper instructions
regarding their conduct as jurors when separated). He argues that since the court did not
convene to allow separation, it is obvious that no instructions were given. 

 The record does not reflect the actions of the trial court before the jury's
separation on December 9th. When the record is silent, there is a presumption that the trial
court complied with procedural rules. Green v. State, 510 S.W.2d 919, 921 (Tex. Crim. App.
1974). The record reflects at least three instances during jury selection and trial in which the
court instructed the jury as to proper conduct or reminded the jury of its earlier instructions. 
Appellant provides no basis for his contention that the court deviated from this practice. Point
of error two is overruled.

 Finally, appellant complains that he received ineffective assistance of counsel. 
He asserts that his trial counsel failed to object to questions by the State concerning
inadmissible extraneous offenses, and that this failure prejudiced his defense. See Tex. R.
Crim. Evid. 404(b) (evidence of other crimes, wrongs or acts not admissible to prove the
character of the person in order to show conformity therewith).

 There are two components to a claim of ineffective assistance of counsel. First,
appellant must show that his counsel's performance was deficient in that his attorney made
errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth
Amendment to the United States Constitution. Second, appellant must show that, but for his
trial counsel's alleged unprofessional errors, there is a reasonable probability that the result of
the trial would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). 
The Strickland analysis has been adopted by Texas courts as the analysis for reviewing an
ineffective assistance of counsel claim under the Texas Constitution. Hernandez v. State, 726
S.W.2d 53 (Tex. Crim. App. 1986); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, no pet.). 

 Appellant has the burden of proving, by a preponderance of the evidence, that
his counsel was ineffective. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985);
Haynes v. State, 790 S.W.2d 824, 827 (Tex. App.--Austin 1990, no pet.). In so doing,
appellant must overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy. Strickland, 416 U.S. at 689. 

 The victim in this case, Karen Ferguson, accused appellant of threatening her
with a gun and attempting to enter her home. She stated that he parked his car in her
driveway, walked up to her door asking for directions, and pointed a gun at her through her
screen door. Appellant testified that he stopped at Karen's house to ask for directions. He
admitted having a gun at the time, but stated that he left the gun on the passenger seat of his
car. During direct examination, appellant was asked why he kept the gun. He replied that he
had been the victim of a stabbing and several burglaries and that he kept the gun for
protection. 

 On cross-examination the State asked appellant why he kept the gun, and
appellant again referred to the instances of the stabbing and burglaries. The State then asked
appellant if he had been involved in other "stabbing incidents." The State further questioned
appellant regarding three separate occasions when he allegedly threatened someone with a
knife, threatened someone with a gun, and started a fight with a pawn shop employee. 
Appellant's trial counsel did not object to any of the State's questions regarding these specific
acts. Appellant argues that the State's questioning was objectionable because it attempted to
introduce inadmissible evidence of the appellant's previous conduct and that trial counsel's
failure to object constituted substandard performance. 

 Regardless of whether the questions were proper, appellant fails to prove by a
preponderance of the evidence that his counsel's silence regarding the questions was not an
exercise of sound trial strategy. Rather than call attention to the questions by objecting before
the jury, counsel addressed and attempted to explain the situations mentioned by the State on
redirect examination. Later, out of the hearing of the jury, appellant's counsel requested that a
limiting instruction regarding the extraneous offenses be included in the court's charge to the
jury. Clearly, counsel was concerned about the effect of the questions on the jury but did not
want to call greater attention to them than was necessary. 

 Furthermore, the failure to object to inadmissible evidence concerning
extraneous offenses does not, by itself, render counsel ineffective within the meaning of the
Sixth Amendment. Whether the Strickland standard has been met is to be judged by the
totality of representation rather than by isolated acts or omissions of trial counsel. Haynes,
790 S.W.2d at 827. In this case, appellant's counsel filed several pretrial motions, including a
motion to compel the State's discovery responses and two motions in limine that resulted in
rulings favorable to appellant. Counsel cross-examined the State's witnesses, made several
objections that were sustained, and requested several voir dire examinations of the State's
witnesses. On the two-count indictment, appellant was found guilty of the lesser offense of
aggravated assault with a deadly weapon. The punishment assessed against appellant was two
years out of a maximum of ten years of confinement.

 Considering all of the facts and circumstances, appellant has failed to show that
his trial counsel was ineffective. The totality of trial counsel's representation was well above
the minimum constitutional standard enunciated in Strickland. Appellant's third point of error
is overruled.

 Finding no error, we affirm the judgment of conviction.



 

 Bea Ann Smith, Justice 

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: July 6, 1994

Publish