February 11, 2014

*82,039-01*

Mr. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711-2308

MOTION DISMISSED
DATE: 3-4-15
BY: P.C.

Re:     Ex parte Trey Barton Scott, Case Nos. 2022 & 2023;

> Motion for Reconsideration/Rehearing Pursuant to Rule 79.2 (d), T.R.A.P.

Dear Clerk:

Enclosed please find the original copies of Applicant Scott's Motions for reconsideration/Rehearing pursuant to Rule 79.2(d), T.R.A.P., to be filed among the papers in the above styled and numbered cases.

Please advise Applicant at hi9s address listed below of the date of filing and disposition of these proceedings. By copy of this letter, I am forwarding a true and correct copy o0f this instrument to the Respondent.

Thank you for your kind attention to this matter.

Sincerely,

Mr. Trey B. Scott, #01592136
Goree Unit
7405 Hwy 75 South
Huntsville, Texas 77344

Enclosures

Cc:     File

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 27 2015

Abel Acosta, Clerk



| | | |
|---|---|---|
| EX PARTE | § | IN THE |
| TREY BARTON SCOTT | § | COURT OF CRIMINAL APPEALS |
| TDCJ-CID#01592136 | § | AUSTIN, TEXAS |

**APPLICANT' REQUEST FOR REHEARING PURSUANT TO RULE 79.2(d), T.R.A.P.**

**TO THE HONORABLE JUDGES OF SAID COURT:**

COMES NOW, Trey B. Scott, proceeding in *pro se,* and files this HIS Memorandum of Law in Support of his Motion for Reconsideration of the Denial of his Application for Writ of Habeas Corpus, and in support thereof, would respectfully show the Court as follows:

## I.

## STATEMENT OF JURISDICTION

Texas law provides an avenue for those who have suffered violations of their constitutional rights in the course of criminal proceedings. Texas Code of Criminal Procedure 11. 01, et seq., provides an avenue for redress of federal or Texas constitutional violations in a Texas court. The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. Tex. Crim. P. 11.01. Said writ serves to remedy situations wherein a defendant has had his constitutional rights violated. *See Ex parte Madding,* 70 S.W.3d 131 (Tex. Crim. App.

2002). The Petitioner feels that his best opportunity to obtain fair and substantial justice regarding his case is through this petition, as habeas corpus has historically served as a safety net for those who have had their constitutional rights violated.

## II.

## STATEMENT OF ISSUES PRESENTED

I. Applicant complains his guilty plea was entered involuntarily based upon the erroneous advice of trial counsel;

II. Applicant claims that potentially exculpatory evidence was in possession of the State that was favorable to the defense, but never disclosed to Applicant prior to him making a decision to accept the State's plea bargain offer rather than proceed to trial by jury;

III. Applicant complains that trial counsel was ineffective for failing to subpoena the person who allegedly took a blood sample from him after being detained by police;

IV. Applicant complains that the trial court erroneously entered a finding of a deadly weapon. *Id.*

*State Writ Appl.* At 6-12.[1]

## III.

## STATEMENT OF THE CASE

Applicant was originally convicted in Coleman County, Texas for two separate felony offenses of intoxicated manslaughter, wherein after entering into a plea agreement with the State he was sentenced to fourteen years confinement in the Texas Department of Criminal Justice,

---

[1] It should be noted that the CCA disposed of all other claims presented by Applicant in the instant application when it remanded the case(s) to have a record developed concerning Applicant's plea being involuntary based upon trial counsel's decision to advise Applicant to accept the plea offer of the State and plead guilty in exchange for two concurrent fourteen year sentences before a thorough investigation was conducted by counsel and obtaining complete discovery before advising Applicant to enter into a plea bargain agreement with the State. Therefore, Applicant will confine his reply herein to grounds one and two presented for review.

2

Correctional Institutions Division (TDCJ-CID) by the presiding judge of the 42nd Judicial District Court of Coleman County, Texas on October 30, 2007, with each sentence to be served concurrently with the other. No direct appeal was taken as it was waived by Applicant as part of the plea agreement he entered into with the State.

Applicant filed a State Application for Writ of Habeas Corpus in each case in the convicting court as required by statute. The State did not answer either application and the trial court forwarded the applications to the Court of Criminal Appeals on or about September 10, 2014, who remanded both cases with instructions on September 24, 2014. Trial counsel was ordered by this Court to prepare and file an affidavit responding to the ineffective assistance of trial counsel allegations contained within the instant writ application. Counsel, the Honorable Don Wilson, apparently filed his affidavit with the Court at some unknown time and served a copy of same upon the parents of the applicant, but not the applicant himself. This proceeding followed.

## IV.

## STATEMENT OF FACTS

Applicant was arrested, charged and indicted for two counts of Intoxicated Manslaughter after his vehicle was involved with another vehicle in an accident that killed both the driver and his occupant. Trooper Cristobal M. Delgado, of the Texas Department of Public Safety ("DPS") responded to investigate an automobile accident on U.S. Highway 84, a public roadway, in Coleman County, Texas. Upon arrival, he observed that a gray Dodge Ram pickup truck was involved in the accident. Trooper Delgado contacted the driver [Applicant], who indicated he [2] was the driver of this vehicle. Therefore, Trooper Delgado detained Applicant. On the same date,

---

[2] *See* Exhibit B, *Order of the Court of Criminal Appeals* dated September 24, 2014.

Trooper Delgado determined he had probable cause to arrest the Applicant and that probable cause existed to believe that Applicant was operating a motor vehicle in a public place while intoxicated. After identifying Applicant he allegedly observed that the Applicant exhibited signs of intoxication. Trooper Delgado further alleged Applicant had the odor of an alcoholic beverage on his breath, had blood shot eyes, had slurred speech, appeared disoriented and allegedly admitted to consuming alcohol. After being placed under arrest by Trooper Delgado Applicant was asked by Trooper Delgado to submit a specimen of his blood for analysis after advising him of the warnings required under Texas Transportation Code Ann. § 724.015. The record indicates that blood samples were drawn from both the driver and occupant of the other vehicle (post-mortem), but the record does not indicate the results thereof.[3][4]

## V.

## ARGUMENT & AUTHORITIES

In his first ground seeking habeas corpus relief, Applicant contends his guilty plea was entered unknowingly, unintelligently and therefore, involuntarily, based upon the erroneous advice of trial counsel. *Id. State Writ Appl.* at 6. Applicant bases his contentions on the fact that counsel: (1) failed to conduct a full and adequate investigation of all the facts and applicable law and by failing to request funds from the trial court for a private investigator; (2) failed to actively pursue discovery after filing a motion with the trial court requesting same (although a detailed motion for discovery was filed by counsel, he failed to obtain a ruling by the trial court (regarding said motion), to enable him to determine whether a chain-of-custody of the blood samples taken from both the Applicant and the two decedents who occupied the other vehicle involved in the

---

[3] Applicant's driver's license was suspended for one-year in an ancillary administrative law hearing conducted by Administrative Law Judge, the Honorable Monica Grey on October 19, 2007, pursuant to Texas Transportation Code § 524.022.
[4] *See* Exhibit A, *DPS Laboratory Submission Form,* attached hereto and made a part hereof.

4

accident in question revealed and have the blood samples from *all the people involved* in the accident preserved for independent testing; (emphasis added); (3) failing to obtain all the maintenance and operational records for the portable breathalyzer device used by Trooper Delgado at the scene to determine Applicant's potential Blood Alcohol Content ("BAC") within his body at the time of the accident; (4) relied upon and failed to object to the district attorney's "Open File" policy as being insufficient to comply with the then constitutional standards regarding same; (5) failed to interview Trooper Delgado in regards to whether he was properly trained and certified to conduct the NTG test and properly assess results thereof, prejudicing the defense by Applicant not being provided with this information prior to counsel recommending that he accept the State's plea bargain offer(s) in both cases, making his guilty plea unknowing.

## A. Standard of Review

The right to be represented by counsel is by far the most important of a defendant's constitutional rights because it affects the ability of a defendant to assert a myriad of other rights. As Justice Sutherland explained in *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932):

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with a crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though

he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect. If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.

*Id.,* at 68-69, 53 S.Ct., at 63-64.

S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). The integrity of our criminal justice system and the fairness of the adversary criminal process is assured only if an accused is represented by an effective attorney. *See, United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 667, 66 L.Ed.2d 564 (1981). Absent the effective assistance of counsel "a serious risk of injustice infects the trial itself." *Cuyler* v. *Sullivan,* 446 U.S. 335, 343, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333 (1980). Thus, a defendant is constitutionally entitled to have effective counsel acting in the role of an advocate. *See, Anders v. California,* 386 U.S. 738, 743, 87 S.Ct. 1396, 1399, 18 L.Ed.2d 493 (1967).

## The Legal Standard

The United States Supreme Court in *Stricklandv. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) established the federal standard for determining whether an attorney rendered reasonably effective assistance of counsel. The Texas Court of Criminal Appeals in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) adopted the *Strickland* test as the proper test under state law to gauge the effectiveness of counsel. Pursuant to that test

. . . the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

6

defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Stricklandv. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064.

The purpose of the *Strickland* two part test is to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial cannot be said to have produced a reliable result. *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999) (citing*McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992)).

The *Strickland* test applies to appointed and retained counsel alike. *See, Cuyler v. Sullivan, supra* at 344, 100 S.Ct. at 1716. It also applies to all stages of a criminal trial. *See, Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999)(Strickland applies to claim of deficient attorney performance at noncapital sentencing proceeding). It applies when evaluating an attorney's performance in connection with a guilty plea. *See, Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(prejudice prong of *Strickland* requires defendant to show that but for counsel's errors he would not have entered a guilty plea). It even applies to an attorney's performance in handling an appeal. *See, Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (due process requires that defendant have effective assistance of counsel on his first appeal).

The right to the assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Texas Constitution. This right to the assistance of counsel has long been understood to include a "right to the effective assistance of counsel." *See, McMann v. Richardson*, 397 U.S. 759, 771, n. 14,

90.[5]

## Burden of Proof

The burden of proving ineffective assistance of counsel rests on the convicted defendant by a preponderance of the evidence. *Haynes v. State,* 790 S.W.2d 824, 827 (Tex. Crim. App. 1990). In order to determine whether the defendant has met this burden, the reviewing court looks to the totality of the representation and the particular circumstances of the case in evaluating the reasonableness of an attorney's conduct. *See, Ex parte Felton,* 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). The review conducted of defense counsel's representation is "highly deferential and presumes that counsel's actions fell within a wide range of reasonable assistance." *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001)(citing *Tong v. State,* 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). It is the defendant's burden to overcome this presumption by proving his ineffective assistance of counsel claim by a preponderance of the evidence. *McFarland v. State,* 845 S.W.2d 824, 843 (Tex. Crim. App. 1992); *Moore v. State,* 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); *also see, United States v. Cronic, supra* at 658, 104 S.Ct. at 2046 (the burden rests on the accused to demonstrate a constitutional violation).

The Court of Criminal Appeals emphasized in *Thompson v. State, supra* that a claim of

---

[5] Rule 33.1(a) of the Texas Rules of Appellate Procedure generally requires that a complaint be presented to the trial court "by a timely request, objection, or motion" as a prerequisite to raising the complaint on direct appeal. TEX. R. APP. P. 33.1(a). There are, however, many practical difficulties with requiring a defendant to raise the issue of ineffective assistance of counsel at the time of trial or even in a motion for new trial. *See, Robinson v. State,* 16 S.W.3d 808, 810 (Tex. Crim. App. 2000). The biggest difficulty is that there is generally no real opportunity to adequately develop the record for appeal at this time. *Id.* This creates a usually insurmountable hurdle to raising an ineffective assistance claim on direct appeal. "Rarely will a reviewing court be provided with the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the [ineffective assistance] claim...". *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Thus, for most ineffective assistance claims, a writ of habeas corpus is the preferred method for raising the issue. *Ex parte Torres,* 943 S.W.2d 469, 475 (Tex. Crim. App. 1997). For a multitude of reasons, ineffective assistance claims are excepted from the general rule of error preservation set forth in Rule 33.1(a) and may be raised in an application for writ of habeas corpus even if not raised first in the trial court. *Robinson v. State, supra* at 812-13. This is not to say that an ineffective assistance claim may not be raised in the trial court or on direct appeal, it can. For example, such a claim may be raised in a motion for new trial. *Reyes v. State,* 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). The difficulty in attempting this, however, is the short time frame in which evidence must be gathered to support the claim and the fact that the trial transcript is usually not available within the time period for filing a motion for new trial.

ineffective assistance of counsel must be supported by a record containing direct evidence as to why counsel took the actions or made the omissions relied upon as the basis for the claim. *Id. at* 813-14.; *accord, Busby v. State,* 990 S.W.2d 263, 268-69 (Tex. Crim. App. 1999)(ordinarily the strong presumption that an attorney's decisions were acceptable trial strategy cannot be overcome without evidence in the record as to the attorney's reasons for the decisions). While there may be some actions that unquestionably fall outside the spectrum of objectively reasonable trial strategy, generally, the Court of Criminal Appeals requires a defendant to offer evidence from his attorney explaining his actions in order to overcome the presumption that counsel acted pursuant to a reasonable trial strategy. *See, Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)(court will not conclude challenged conduct constituted deficient performance unless conduct was so outrageous that no competent attorney would have engaged in it); *also see, Thompson v. State, supra* at 816 (Meyers, J., dissenting)(inconceivable that defense counsel could have had a reason for failing to object to certain hearsay that would fall within the range of objectively reasonable trial strategy). It should be kept in mind, however, that simply labeling an attorney's actions "trial strategy" does not insulate the attorney from a finding of ineffective assistance of counsel. An attorney's strategy can be so ill-chosen as to render a trial fundamentally unfair. *See, United States v. Rusmisel,* 716 F.2d 301, 310 (5th Cir. 1983). As the Supreme Court explained in *Strickland,* strategy decisions should be judged by an *objective* standard of reasonableness. *Strickland v. Washington, supra,* 466 U.S. 687-88; 104 S.Ct. at 2064 (emphasis added).

Once a convicted defendant establishes that his attorney's actions were objectively unreasonable, he must still prove that he was prejudiced by his attorney's actions. To establish prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v.*

*Washington,* 466 U.S. at 694, 104 S.Ct. at 2068. The focus of the prejudice component is whether counsel's deficient performance renders the result of the trial unreliable or fundamentally unfair. *Id.* at 687, 104 S.Ct. at 2064. It is not enough to argue that the attorney's errors had some conceivable effect on the outcome of the proceeding, rather the convicted defendant must establish a "reasonable probability" of actual prejudice. *Id.* at 693, 104 S.Ct. at 2067. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

While a convicted defendant must establish actual prejudice from his attorney's conduct, the State cannot avoid the consequences of a finding of ineffective assistance by arguing that the prejudice is *de minimus.* For example, any amount of additional time in prison constitutes prejudice. *Glover v. United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001).

This case presents in compelling terms a breakdown in the adversarial system of justice that occurred when an unknowing plea of guilt was entered by the Applicant based solely upon the erroneous advice of his trial attorney. Applicant avers herein counsel's advice that he should accept the plea offer made by the State, plead guilty, and waive all his constitutional rights was done without trial counsel having all the necessary related facts to provide to Applicant in order to make his election to plead guilty versus preceding to trial, "knowing." Had Don Wilson engaged in the type of pre-trial investigation into the law and the facts that the Sixth Amendment requires, had he taken the time and invested the energy into investigating the facts surrounding the accident in question he could have provided Applicant with the information for him to make a knowing decision as to whether he should accept the State's plea offer or proceed to trial by jury. For instance, had Applicant been aware of the fact it was alleged Applicant had crossed the center-line

10

of the highway and hit, head-on, with the complaining witnesses ("CW") vehicle whose speedometer was locked at 100 m.p.h. and Applicant's had been found to be locked at sixty-eight m.p.h.; or what the results of the CW's toxicology reports revealed, Applicant avers counsel should have delved further into the facts and information gathered concerning the persons involved in the accident's physical state,[6][7] before advising Applicant to accept the State's plea offer, which is professionally unreasonable and but for counsel's unprofessional representation in this regard, more than a mere probability exists that the outcome of the proceedings would have been different, as Applicant submits had he been aware counsel had not conducted a complete investigation into the facts of his case at the time the plea offer was made by the State, Applicant avers he would not have accepted the State's plea offer, but would have instead insisted on proceeding to a trial by jury.

Affidavit of Trial Counsel

As a preliminary matter, Applicant would respectfully request that this Honorable Court take judicial notice of the facts that: (1) Applicant was never served with a copy of trial counsel Don Wilson's affidavit he was ordered to prepare and file with the clerk of this court responding to the allegations of ineffective assistance of counsel contained within the instant application seeking habeas corpus relief. Instead, Mr. Wilson decided, "as a matter of courtesy," to serve a copy on Applicant's parents, Elnora and Barton Scott at their home address, who then provided

---

[6] Counsel failed to determine whether either the driver or passenger of the other vehicle had blood specimens obtained during their respective autopsies and what their autopsy reports revealed in general, and specifically, regarding the results of their post-mortem blood tests to determine whether either alcohol or drugs had been found in their systems at the time of the accident.

[7] Applicant attaches Exhibit B, a copy of the correspondence between trial counsel and the Coleman County District Attorney's Office dated July 21, 2009 in which the fourteen year offers was made by the State that would remain open until 12:00 noon, August 31, 2009, in support of his contentions counsel had ample time to complete an adequate investigation into the facts of his case as described *supra*, before erroneously advising Applicant to accept the plea offer by the State without having the benefit of the information he did not possess at that time. Not because the information was unavailable, but simply because counsel chose not to make a complete and thorough investigation of the facts surrounding the accident and Applicant's subsequent arrest and prosecution.

11

him with copies of same themselves. Moreover, the affidavit of Mr. Wilson in question is not submitted in due form as it fails to state the date it was executed and contains no certificate of service and should be stricken as a matter of law.

In *arguendo,* however, Applicant wishes to address the facts set out in said affidavit submitted by counsel, *infra,* responding to the ineffective assistance claims submitted by Applicant in his instant habeas application for purposes of judicial economy, *viz:*

**A. Ground One: Inadequate Pre-plea Investigation-Erroneous/Inadequate Advice**

Counsel recognizes Applicant claims he was ineffective for failing to conduct a full and adequate investigation of the facts and law regarding his previously pending charges for intoxicated manslaughter. *Id.,* Affidavit at 1-5 (counsel did not number the pages of his affidavit, so Applicant will refer to them in didactic order.

Counsel fails to address the four corners of Applicant's claim regarding his alleged inadequate investigation. A lawyer must advise his client how the law applies in the case in order to assure that any guilty plea is a voluntary, knowing and intelligent waiver of rights. A guilty plea can be involuntary when the lawyer fails to explain probation eligibility or parole eligibility,[8] the range of punishment, including the possibility of consecutive sentences, the applicability of prior convictions on increasing the range of punishment, and immigration consequences. The lawyer must always explain what the State would have to prove. In this regard, Counsel never advised Applicant prior to him agreeing to accept the State's plea bargain offer and enter his plea that the trial court could enter a finding of a deadly weapon and if it did, this would require that Applicant serve half of his fourteen year concurrent sentences, or seven years flat, before becoming eligible for consideration to be released onto parole. In his affidavit, trial counsel states,

---

[8] For purposes of these proceedings, Applicant will refer to the affidavit of Don Wilson filed with the clerk of this Court as "Affidavit," followed by the page referenced.

inter alia, "[he] obtained discovery of the State's case in two ways. A timely request for an administrative license revocation hearing was made and counsel was provided with substantial and complete discovery of all reports, witness statements, diagrams, charts, scientific reports, and offense reports prepared by law enforcement in the case.[9]

A lawyer has a duty to investigate and understand both the law and the facts that are applicable to the case. A proper factual investigation includes interviews with favorable and unfavorable witnesses. A proper investigation might lead to previously unknown favorable witnesses and other exculpatory evidence, and it might show an obvious basis for determining whether the State will probably be able to prove the offense.

A defense investigation must be independent of the State's investigation, and it must involve conferring with the defendant himself to the extent necessary to prepare viable defenses. Defenses that have been overlooked due to failure to adequately investigate and prepare include alibi, lack of mental capacity, victim consent, self-defense, and medical or other expert explanations.

In the instant case, a review of the exhibit of records he attaches as to his affidavit was primarily the DPS Response for Production to the ALR proceedings. However, under the chart of organization outlining the DPS compliance with defense request for production and what was actually disclosed by the DPS in this regard, demonstrates clearly that it was lacking the following information relevant to Applicant's case(s): (a) DIC-56 Breath Test Technical Supervisor Affidavit (relating to the Portable Breath Analyzer utilized at the scene by Trooper Delgado to determine that Applicant allegedly had a BAC of .28), (b) Breath Test Record, (c) Maintenance and Repair Records, (d) any autopsy or toxicology reports related to the two deceased CW's.

---

[9] Trial counsel attached the information from the DPS as an exhibit (untitled or otherwise referenced), which he incorporates by reference. Applicant attaches same as Exhibit C, and incorporates it by reference as well.

13

Applicant should have been provided with all this information in order to make his decision to plead guilty both "knowing and voluntarily" entered by same.

The defendant should be allowed to make important decisions based on an accurate assessment of the facts. The basic decisions are whether to accept a plea offer, whether to plead not guilty, whether to testify, and whether to waive the right to a jury. This did not occur in the instant case as supported by the record at bar.

Accordingly, Applicant reiterates his request that this Honorable Court sustain this ground for habeas corpus relief and recommend the writ issue.

## B. Ground Three: Ineffective Assistance of Trial Counsel

In his affidavit, trial counsel asserts that he did in fact file a timely Motion for Discovery, which Applicant does not dispute, but does contend simply filing said motion with no further follow-up was ineffective as it deprived Applicant of the totality of the State's case against him prior to accepting the plea bargain offered by the State, which his attorney encouraged him to take without supplying him with all of the facts necessary to make his plea knowing, intelligent and therefore voluntarily entered. This prejudiced Applicant's ability to competently assess and choose whether to accept the State's offer or proceed to a trial by jury. While it is also true counsel did in fact file a motion to preserve the blood sample drawn at the time of his arrest, again, counsel failed to follow-up and hire an independent forensic chemist to conduct independent testing of the blood sample in question and thereafter took the State's word for the test results being reliable instead of having it tested independently. Applicant asserts that if counsel did not plan on having the sample independently tested, why file a motion to preserve the sample so that independent testing could be conducted as part of his theory of the case that the results of the sample's analysis conducted by the State was specious and therefore, needed to be

14

independently tested?

In regards to the extensive motion filed by defense for discovery and inspection of records related to the blood testing in this case, why would counsel advise Applicant to accept the State's plea offer absent a reconciliation of evidence held and tested by the State, which could be used at trial against Applicant, when counsel himself states in the last stanza of said motion: "[4] Absent all of the requested discovery, Defendant's rights under Article 39.14, of the Texas Code of Criminal Procedure, Article I, Section 10 of the Texas Constitution, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United Stated [(sic])], and Texas Transportation Code §§ 724.016 and 724.018 will be violated to his irreparable injury and thus deprive Defendant of a fair trial." *Id.* at 7. Applicant avers it is not conducive to supplying effective representation to anyone similarly situated, in regards to counsel's duty as his advocate to properly convey the State's plea offer and then advise him to accept the State's plea offer without the information requested being available as requested through the instant motion. It cannot be said that trial counsel was effective in advising Applicant to accept the State's plea offer before obtaining a ruling on his motion, then after gleaning all the information made available thereafter, and **then** advise Applicant of all the facts gathered at that point so he could make a knowing and intelligent decision on whether or not to accept the State's plea offer. For counsel now to claim his advice to Applicant to accept the State's plea offer without the benefit of having all the information sought in trial counsel's discovery motion was constitutionally effective assistance, is contradictory to the record before this Court. (emphasis added).

## CONCLUSION

Accordingly, Applicant respectfully submits to this Honorable Court that, "[T]he Supreme Court has stressed that strategic choices are entitled to deference only to the extent they

15

are based on *informed* decisions. *Strickland v. Washington,* 466 U.S. at 690-691. (emphasis added). A reviewing court's "principal concern" is not whether as counsel may claim, his conduct was strategic, "but rather whether the investigation supporting counsel's decision ... *was itself reasonable."* *Wiggins v. Smith,* 539 U.S. at 522-523 (emphasis in original). As the Fifth Circuit has observed, "It is axiomatic -- particularly since *Wiggins -- that such a decision cannot be credited as calculated tactics or strategy unless it is grounded in sufficient facts,* resulting in turn from an investigation that is at least adequate for that purpose." *Lewis v. Dretke,* 355 F.3d at 368 (5th Cir. 2003) (emphasis added); *see also Horton v. Zant,* 941 F.2d at 1462 ("case law rejects the notion that a 'strategic' decision can be reasonable when the attorney has failed to investigate his options and make a reasonable choice between them."). Viewed through this prism, trial counsel's advice to Applicant to accept the State's plea offer was objectionably deficient conduct, as it deprived Applicant of his constitutional rights to due course of law, due process of law, the effective assistance of counsel at trial (and/or during plea negotiations with the State) and a fair trial.

Applicant respectfully requests that this Court sustain the grounds presented in his pro se application seeking habeas corpus relief and recommend that the writ issue.

SIGNED on this the _____ day of _____ , 2014.

Respectfully submitted,

Trey B. Scott, Applicant, Pro se
TDCJ-CID#01592136
Goree Unit
7405 Hwy 75 South
Huntsville, Texas 77344

16

## CERTIFICATE OF SERVICE

I, Trey B. Scott, TDCJ-CID#01592136, Applicant, *pro se*, herein certify that a true and correct copy of the foregoing instrument was sent to the Respondent, by placing same, in the prison mailbox, first-class, postage-paid, addressed to:

Mr. Heath Hemphill
Coleman County District Attorney
114 West Live Oak Street
Coleman, Texas 76834

**SIGNED** on this the 11th day of February, 2014.

_____
Trey B. Scott, Applicant, Pro se